IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 23, 2013 Session

## PAUL WAYNE VAUGHN, as Next-of-Kin of PAMELA ANNETTE LIVINGSTON VAUGHN v. MOUNTAIN STATES HEALTH ALLIANCE d/b/a JOHNSON CITY MEDICAL CENTER, ET AL.

**Appeal from the Circuit Court for Washington County**
**No. 30009     Thomas J. Seeley, Jr., Judge**

_____

### No. E2012-01042-COA-R3-CV-FILED-MARCH 5, 2013

The plaintiff filed a medical malpractice action against numerous healthcare providers. The defendants moved to dismiss the complaint based on the plaintiff's failure to comply with Tennessee Code Annotated sections 29-26-121 and -122. The trial court granted the motions and dismissed the action with prejudice. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Cheryl E. LaNasa and Mark W. McFall, Johnson City, Tennessee, for the appellant, Paul Wayne Vaughn, as Next-of-Kin of Pamela Annette Livingston Vaughn, Deceased.

Frank H. Anderson, Jr., Johnson City, Tennessee, for the appellee, Mountain States Health Alliance.

Jimmie C. Miller and Meredith B. Humbert, Kingsport, Tennessee, for the appellee, Sue Y. Chung, M.D.

Charles T. Herndon IV and Elizabeth M. Hutton, Johnson City, Tennessee, for the appellee, Kent Steven Wright, M.D.

# OPINION

## I. BACKGROUND

This case involves a medical malpractice cause of action arising out of the treatment and subsequent death of 43-year-old Pamela Annette Livingston Vaughn ("Wife"). At 3 a.m. on August 6, 2010, Wife presented at the emergency department of Johnson City Medical Center ("JCMC") (operated by Mountain States Health Alliance ("MSHA")) complaining of pain in the chest and abdomen, nausea, and vomiting. An initial history and assessment was prepared that revealed Wife previously had gastric bypass and cholecystectomy[1] surgery at JCMC nearly two years earlier. Wife was evaluated by Dr. Kent Steven Wright, M.D., who ordered, among other tests, a chest x-ray. Dr. Sue Y. Chung, M.D., subsequently interpreted the chest x-ray as being "unremarkable." Dr. Wright ultimately diagnosed Wife with bronchitis and costochondritis[2] and prescribed Vicodin, Zithromax Z-Pak, and Albuterol Sulfate aerosol inhaler, and discharged her approximately three hours after her arrival at the hospital.

Two days later, Wife was at her home sitting on the toilet when she passed out and fell onto the floor. Paul Wayne Vaughn ("Husband") found her unconscious. Despite CPR administered by Husband, Wife never regained consciousness. She was taken by ambulance to Sycamore Shoals Hospital where she was pronounced dead. A CT scan of Wife's abdomen revealed a bowel perforation.[3] A subsequent autopsy indicated that Wife's cause of death was acute bacterial peritonitis.

On December 1, 2011, Husband brought a wrongful death action for medical malpractice.[4] MSHA, Dr. Wright, and Dr. Chung (collectively, "the Providers") were named as defendants in Husband's complaint. In paragraph 27 of the complaint, Husband asserted that he had complied with the requirements of the Tennessee Medical Malpractice Act, Tennessee Code Annotated section 29-26-115, et seq. ("the Act"), specifically Tennessee Code Annotated sections 29-26-121 and -122.

Subsequent to the commencement of the action, the Providers filed motions to dismiss

---

[1]Removal of gallbladder. Stedman's Medical Dictionary (27th ed. 2000).

[2]Chest wall pain. Stedman's Medical Dictionary (27th ed. 2000).

[3]The autopsy revealed the perforation was adjacent to the small bowel's connection with the stomach.

[4]Husband is the surviving spouse of Wife and he is her sole surviving heir.

and/or for summary judgment for Husband's failure to comply with several requirements of the Act. They alleged that Husband failed to comply with Tennessee Code Annotated sections 29-26-121(a)(2), (3), (4) and (b). It further was asserted by the Providers that the certificate of good faith filed by Husband did not comply with the requirements of Tennessee Code Annotated section 29-26-122.

On January 19, 2012, Husband filed a first amended complaint attempting to correct his non-compliance with sections 29-26-121 and -122. Husband contended that the first amended complaint related back to the filing of the original complaint and cured certain of the defects asserted by the Providers as grounds for dismissal. The Providers thereafter filed motions to dismiss asserting that Husband's amended complaint was barred by the applicable one-year statute of limitations in Tennessee Code Annotated section 29-26-116.

A hearing was held on the pending motions on March 20, 2012, after which the trial court granted the Providers' dispositive motions and dismissed the case with prejudice.[5] The trial court specifically ordered as follows:

1. That plaintiff failed to comply with the requirements of Tennessee Code Annotated § 29-26-121(a) inasmuch as he did not provide a HIPAA[6] compliant medical authorization permitting the providers receiving the notice to obtain complete medical records from each other provider being sent a notice.

2. That due to plaintiff's failure to comply with the requirements of Tennessee Code Annotated § 29-26-121(a), the one-year statute of limitations provided by Tennessee Code Annotated § 29-26-116 was not extended, and thus, ran on August 6, 2011.

3. That the Complaint in this matter was filed on December 1, 2011, which

_____

[5]The court observed as follows at the hearing:

> With a great deal of reluctance, I'm going to grant the Motions to Dismiss. I think the defective HIPAA Authorization, not complying with the statute, did not extend the statute of limitations. The original complaint itself was deficient in the particulars that I mentioned, and I agree that they could not be corrected under the Medical Malpractice Statute by filing an amended complaint, and having said that, I think . . . 29-26-121 is an abomination, and what our legislature has done to protect, probably the richest segment of our society, is just wrong. What they've done in 29-26-121 is just set up traps and pitfalls for litigants and their attorneys . . . .

[6]Health Insurance Portability and Accountability Act of 1996.

was one hundred seventeen (117) days beyond the statute of limitations. Consequently, plaintiff's action is time-barred.

4. That additionally, plaintiff failed to file a certificate of mailing for the pre-suit notices provided to the defendants, and further, failed to file an affidavit of the party mailing the pre-suit notices as required by Tennessee Code Annotated § 29-26-121(a)(4).

5. That plaintiff also failed to comply with Tennessee Code Annotated § 29-26-121(b) inasmuch as the original Complaint did not provide the documentation required by that section.

6. That plaintiff failed to fully comply with Tennessee Code Annotated § 29-26-122 inasmuch as the Certificate of Good Faith filed in this matter did not disclose the number of prior violations of the section by plaintiff's counsel.

\* \* \*

Husband filed a timely appeal.

## II. ISSUES

The issues raised by Husband are restated as follows:

1. Whether the trial court erred in granting the Providers' motions to dismiss.

2. Whether Husband complied with pre-suit notice requirements set forth in Tennessee Code Annotated section 29-26-121 and the certificate of good faith requirements contained in Tennessee Code Annotated section 29-26-122.

3. Whether the first amended complaint relates back to the filing of the original complaint so as to cure certain alleged defects in the original complaint concerning the pre-suit notice requirements set forth in Tennessee Code Annotated section 29-26-121 and the certificate of good faith requirements contained in Tennessee Code Annotated section 29-26-122.

4. Whether, under Tennessee Code Annotated section 29-26-121, the Providers had a duty to inform Husband of the defective HIPAA authorization so that a HIPAA-compliant authorization could be provided to allow the

-4-

Providers to obtain Wife's medical records.

5. Whether Husband is entitled to the 120-day extension of the period of limitations provided in Tennessee Code Annotated section 29-26-121(c) so as to render the action timely filed.

## III. STANDARD OF REVIEW

In this action, the Providers properly filed motions to dismiss as the Tennessee Supreme Court has instructed. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300 (Tenn. 2012) (noting "[t]he proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss."). *Id.*, 382 S.W.3d at 307. The *Myers* Court further provided as follows:

> In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. . . .

*Id.* The trial court's grant of the  motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). "The question of whether [plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings. *Starr v. Hill*, 353 S.W.3d 478, 481-82 (Tenn. 2011)." *Myers*, 382 S.W.3d at 307-08. A motion to dismiss for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof[;] therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion." *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn.

2002). In determining whether the trial court erred in granting the motion to dismiss, we "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id.*

This appeal also involves the interpretation of statutes. Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). This court's primary objective is to carry out legislative intent without broadening or restricting the Act beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

## IV. DISCUSSION

The resolution of this appeal turns on the construction and application of two sections of the Tennessee Medical Malpractice Act – Tennessee Code Annotated sections 29-26-121 and -122.

## A.

Section 29-26-121 addresses a claimant's responsibility of providing sixty days pre-suit notice to each potential defendant in a medical malpractice action, and provides in pertinent part as follows:

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability[7] shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

(2) The notice shall include:

   (A) The full name and date of birth of the patient whose

---

[7]2012 amendment substituted "health care liability" for "medical malpractice." Acts 2012, ch. 798, § 59 (April 23, 2012). The substance of the statute is unchanged by the amendment.

treatment is at issue;

(B)  The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

(C)  The name and address of the attorney sending the notice, if applicable;

(D)  A list of the name and address of all providers being sent a notice; and

(E)  A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Tenn. Code Ann. § 29-26-121(a).  As noted in *Myers*, the use of the word "shall" indicates that the legislature intended the requirements to be mandatory, not directory.  *Myers*, 382 S.W.3d at 308 (citing *Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009)).

It is undisputed that Husband failed to comply with the requirements of Tennessee Code Annotated section 29-26-121(a) in that he failed to provide to any of the Providers a HIPAA-compliant medical authorization prior to the suit being filed.  While Husband did include with his pre-suit notice a medical authorization, the version provided only allowed the Providers to disclose medical information to Husband's counsel.  Specifically, the authorization included with Husband's pre-suit notice related in pertinent part as follows:

This information may be disclosed to C. Edwards Stewart & Associates, P.C. or its designee, including but not limited to Cheryl Edwards Stewart or Mark W. McFall, "at the request of the individual" for any and all purposes.

Husband concedes that he failed to give the Providers HIPAA-compliant authorizations permitting them to exchange Wife's medical records, as expressly required by Tennessee Code Annotated section 29-26-121(a)(2).

Husband argues, however, that the Providers should have contacted his counsel prior to an action being filed against them in order to inform Husband's counsel that the requirements of Tennessee Code Annotated section 29-26-121 had not been met.  We find that Husband's contention is without merit, as no provision in the Act requires potential

-7-

defendants to assist a claimant with compliance.[8]

Subsection (c) of Tennessee Code Annotated section 29-26-121 provides that a claimant only gets the benefit of the extension of the applicable statute of limitations if the requirements of the section are given as directed:

> (c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. . . .

Tenn. Code Ann. § 29-26-121(c). Accordingly, due to the failure to provide the Providers with the mandatory notice of the claim in accordance with Tennessee Code Annotated section 29-26-121, Husband was not entitled to the benefit of any rights afforded by the statute, including, but not limited to, an extension of the applicable statute of limitations period for this action. We therefore must affirm the trial court's dismissal of Husband's action due to it being barred by the one-year statute of limitations. Tenn. Code Ann. § 29-26-116.

**B.**

Husband also concedes that he did not comply with several other provisions of Tennessee Code Annotated sections 29-26-121 when he filed his original complaint. One such subsection is (a)(4), which states:

> (4) Compliance with the provisions of subdivision (a)(3)(B)[9] shall be

---

[8]As noted by Dr. Chung's counsel, "[I]f defense counsel assisted Plaintiff's counsel with prosecuting a malpractice case against our clients, we'd arguable be guilty of malpractice."

[9]Tennessee Code Annotated section 29-26-121(a)(3)(B) provides as follows:

> (3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint:

> (A) Personal delivery of the notice to the health care provider or an identified individual whose job function includes receptionist for deliveries to the provider or for arrival of the provider's patients at the provider's current practice location. Delivery must be established

(continued...)

-8-

demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit. It is not necessary that the addressee of the notice sign or return the return receipt card that accompanies a letter sent by certified mail for service to be effective.

Tenn. Code Ann. § 29-26-121(a)(4).

When the original complaint was filed in this case, no proof of service of the pre-suit notice on the Providers was included. Further, an affidavit of the party that mailed the notice was not filed. It is undisputed, therefore, that Husband failed to comply with section 29-26-121(a)(4), in that he failed to file "a certificate of mailing from the United States [P]ostal [S]ervice stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specific notice was timely mailed by certified mail, return receipt requested." Husband did not file any documentation satisfying this statutory requirement until January 19, 2012, some five months after the statute of limitations had expired.

Husband also failed to comply with subsection (b) of Tennessee Code Annotated section 29-26-121, which provides:

---

[9](...continued)
by an affidavit stating that the notice was personally delivered and the identity of the individual to whom the notice was delivered; or

(B) Mailing of the notice:

(i) To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient; or

(ii) To a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process; provided, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient.

-9-

(b)  If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2).  The court may require additional evidence of compliance to determine if the provisions of this section have been met.  The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Tenn. Code Ann. § 29-26-121(b).

While paragraph 27 of the original complaint alleges that Husband complied with Tennessee Code Annotated section 29-26-121, nowhere in the original complaint does it appear that he provided documentation of such pre-suit notice required in subsection (a)(2) as required by subsection (b).  Accordingly, it is undisputed that Husband failed to comply with Tennessee Code Annotated section 29-26-121(b), in that he failed to file with his complaint the required documentation evidencing that the pre-suit notification was sent to any of the Providers.  Husband did not file any documentation satisfying this statutory requirement until after the statute of limitations had expired.

Husband contends that his amended complaint served to cure many of the deficiencies of the original complaint.  The statutes at issue, however, do not authorize a claimant to cure deficiencies by filing an amended complaint, and as "[t]he essence of Tennessee Code Annotated section 29-26-121 is that a defendant be given notice of a medical malpractice claim **before** suit is filed," *Myers*, 382 S.W.3d at 309[10] (emphasis added), the intent of the legislature is not realized by allowing the practice.  Furthermore, we have previously held that timing is mandatory in these statutes.  *See Hawkins v. Mason*, No. W2011-02318-COA-R3-CV, 2012 WL 3007680, at *4 (Tenn. Ct. App. July 24, 2012).  The legislature has established in the Act that absent a showing of extraordinary cause by a plaintiff, a court does not have the discretion to excuse compliance if a complaint is filed that fails to meet the requirements of Tennessee Code Annotated section 29-26-121.  Tenn. Code Ann. § 29-26-121(b).  Husband has not demonstrated extraordinary cause to excuse his noncompliance with Tennessee Code Annotated section 29-26-121.  The trial court's dismissal of Husband's action therefore was proper in accordance with the statute.

## C.

Tennessee Code Annotated section 29-26-122 requires that a claimant file a certificate

---

[10]The *Myers* Court observed that the legislature desired strict compliance with the time requirements. *Myers*, 382 S.W.3d at 309, n. 8.

of good faith along with the complaint:

(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. ***If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent*** a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in 29-26-121 or ***demonstrated extraordinary cause***. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

> (A) Are competent under 29-26-115 to express an opinion or opinions in the case; and

> (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

> (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue, and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent

-11-

with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

* * *

(d)(4) A certificate of good faith shall disclose the number of prior violations of this section by the executing party.

Tenn. Code Ann. § 29-26-122 (emphasis added).

It is undisputed that Husband failed to comply with Tennessee Code Annotated section 29-26-122, in that he failed to include the number of prior violations of the section by the executing party, which is mandatory pursuant to subsection (d)(4) of the Tennessee Code Annotated section 29-26-122.[11] Nowhere in the body of the certificate does it disclose the number of prior violations, if any, of the party executing the certificate. If there have not been any prior violations, Husband's counsel should have disclosed the number "0" on this certificate.

Subsection (c) of this statute states, in pertinent part: "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. . . ." Tenn. Code Ann. § 29-26-122(c). The trial court properly dismissed Husband's action in that there has been no showing that Husband's failure to comply with this statute was due to any extraordinary cause.

As our rulings above are dispositive of this appeal, we pretermit consideration of any other issues raised.

## V. CONCLUSION

The judgment of the trial court is affirmed and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to the appellant, Paul Wayne Vaughn, as Next-of-Kin of Pamela Annette Livingston Vaughn, Deceased.

---

[11]By using the form developed by the Administrative Office of the Courts ("the AOC"), a plaintiff, or his counsel can be certain that the information required by the statute is included in the certificate of good faith. In this case, however, Husband elected not to use the AOC's form.

_____

JOHN W. McCLARTY, JUDGE