# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

## JULIE A. BELLAMY v. CRACKER BARREL OLD COUNTRY STORE, INC. ET AL.

### Appeal by Permission from the Court of Appeals, Middle Section
### Chancery Court for Wilson County
### No. 06145 Charles K. Smith, Chancellor

---

### No.  M2008-00294-SC-R11-CV - Filed December 7, 2009

---

The Applicants, Cracker Barrel Old Country Store, Inc., and Paul Ludovissie ("Cracker Barrel" and "Mr. Ludovissie"), have filed an application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure.  Upon consideration of the application and the record before us, we hereby grant the application, summarily vacate the Court of Appeals' judgment, and remand the case to the Court of Appeals. Further, the Court of Appeals shall direct the trial court to resolve the conflicts in the parties' statements of the proceedings and certify and transmit a supplemental record to the Court of Appeals. See Tenn. R. App. P. 24(c), (e).[1]

### Tenn. R. App. P. 11; Judgment of the Court of Appeals Vacated; Case Remanded to the Court of Appeals

SHARON G. LEE, J., delivered the opinion of the court, in which CORNELIA A. CLARK, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.  JANICE M. HOLDER, C.J., filed a separate dissenting opinion.

Robert W. Horton and Leslie Goff Sanders, Nashville, Tennessee, for the appellants, Cracker Barrel Old Country Store, Inc. and Paul Ludovissie.

Douglas B. Janney III, Nashville, Tennessee, for the appellee, Julie A. Bellamy.

---

[1] We have concluded that Tennessee Rule of Appellate Procedure 11(f) relative to briefing should be suspended to expedite our decision.  See Tenn. R. App. P. 2 ("For good cause, including the interest of expediting decision upon any matter, the Supreme Court . . . may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion . . . .").

**OPINION ON GRANT OF RULE 11 APPLICATION**

In May 2006, the Respondent, Julie A. Bellamy ("Ms. Bellamy"), filed a complaint against the Applicants seeking damages for discrimination, hostile work environment, and retaliation. Ms. Bellamy dismissed the discrimination and hostile work environment claims, and a three-day trial was conducted on the retaliation claim. Following the trial, the jury answered "no" to the following question: "Do you find by a preponderance of the evidence that [Ms. Bellamy] actually and reasonably believed that the conduct of Paul Ludovissie about which [she] complained was based on her gender?" After the Chancellor entered a judgment dismissing the retaliation claim, Ms. Bellamy filed a motion for a new trial, alleging that the verdict was against the weight of the evidence and contrary to the law; following a hearing, the Chancellor denied the motion for a new trial.

On direct appeal to the Court of Appeals, Ms. Bellamy argued that the Chancellor committed reversible error in failing to perform its function as the thirteenth juror at the hearing on the motion for a new trial.[2] Cracker Barrel and Mr. Ludovissie argued, however, that the Court of Appeals could not review the issue because there was no verbatim transcript of the proceedings on the motion for a new trial and because the parties submitted proposed statements of the evidence that contained conflicting versions of what transpired during the hearing.[3] Although the Court of Appeals recognized that "it was faced with the unenviable task of analyzing [the parties' statements] to determine what, if anything, the parties agree[d] transpired at the hearing on the motion for a new trial," it found "certain relevant actions and statements upon which the parties [were] in agreement." The court then concluded:

> We find the trial judge's comment "that he was not saying that he agreed or disagreed with the jury's decisions, and that he was not saying that he would have ruled in favor of [Appellant]" evidences a misconception of his duty as thirteenth juror, thus requiring a new trial. *As the thirteenth juror, the trial judge must do precisely what the trial judge failed to do in this case–agree with the jury's verdict.*

(Emphasis added).

---

[2] As additional support for her argument that the Chancellor failed to act properly as the thirteenth juror, Ms. Bellamy cited the Chancellor's comments in denying motions for directed verdict filed by Cracker Barrel and Mr. Ludovissie, as well as the Chancellor's written order, which denied a new trial but deleted the following proposed language: "As thirteenth juror, the Court agrees with the jury verdict and agrees that the preponderance of the evidence is in favor of the defendants."

[3] Indeed, the record reveals that Ms. Bellamy submitted a Statement of the Evidence, Cracker Barrel and Mr. Ludovissie filed a Response to the Statement, Ms. Bellamy filed a Response, and Cracker Barrel and Mr. Ludovissie filed a Surreply.

**Rule 24, Tennessee Rules of Appellate Procedure**

After careful consideration, we conclude that the Court of Appeals' analysis conflicts with Rule 24 of the Tennessee Rules of Appellate Procedure and that further proceedings must be conducted in the Chancery Court before the merits of the issue may be addressed. Rule 24(c) states as follows:

> **Statement of the Evidence When No Report, Recital, or Transcript Is Available.** If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within sixty days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. *Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.*

(Second emphasis added). Similarly, Rule 24(e) provides:

> Correction or Modification of the Record. – If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. *Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive.* If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

(Emphasis added).

In short, the rules allow for a statement of the evidence or proceedings to be used in cases where a verbatim transcript does not exist. Because the statements are partly generated from the parties' own recollections, however, Rule 24(c) anticipates that the appellant will file a statement, that the appellee may file objections to the statement, and that "[a]ny differences regarding the statement *shall* be settled as set forth in subdivision (e) of this rule" (emphasis added). Moreover, Rule 24(e) expressly requires that the differences "*shall be submitted to and settled by the trial court*

*regardless of whether the record has been transmitted to the appellate court*" (emphasis added). When "shall" is used in a statute or rule, the requirement is mandatory. See Stubbs v. State, 393 S.W.2d 150, 154 (Tenn. 1965) ("When 'shall' is used . . . it is ordinarily construed as being mandatory and not discretionary.").

Both this Court and the Court of Appeals have held that "[t]he settlement of a bill of exceptions is a high judicial function." Anderson v. Sharp, 259 S.W.2d 521, 523 (1953) (quoting Rose v. Third Nat'l Bank, 183 S.W.2d 1, 5 (Tenn. Ct. App. 1944). The Court of Appeals has also stated that the duty to settle differences "should not be taken lightly" and that subsections (c) and (e) of Rule 24

> require the Trial Judge to rule upon objections and to approve a single statement of the evidence. In so doing, he should require counsel to consolidate into one instrument all of the uncontested portions of their respective statements, together with the Court's version of any contested matter.

Vowell v. Vowell, Lauderdale Eq. No. 2, 1988 WL 104692, at *1 (Tenn. Ct. App. Oct. 10, 1988); see also Sam B. Gilreath & Bobby R. Aderholt, Caruthers' History of a Lawsuit § 436, at 492-93 (8th ed. 1963). One well-respected legal treatise has discussed the trial court's duty with regard to approving the record as follows:

> One of the sacred rights of every litigant is to have a true record of everything done by a Court or a Judge thereof during the course of a litigation; and a Judge is as much violating his oath and his duty who fails or refuses to sign a bill of exceptions in which the truth of the case is fairly stated, as he would be in refusing to grant an injunction, or attachment, or a final decree to a party clearly entitled thereto.

2 Arthur Crownover, Jr., Gibson's Suits in Chancery § 1210(9), at 573 (5th ed. 1956). Finally, we note that if a trial court's failure to perform its obligation to settle differences in conflicting statements of the evidence frustrates a party's right to have its case reviewed by the appellate courts, the party may be entitled to a new trial as long as the trial court's failure to act was not the fault of the party. See State ex rel. Terry v. Yarnell, 5 S.W.2d 471, 471-72 (Tenn. 1928).

Here, the parties filed no fewer than four statements of the proceedings and related objections in the trial court, which collectively revealed a number of material differences and conflicts. In particular, the parties disagreed about Ms. Bellamy's statements in raising the thirteenth juror issue and, critically, the Chancellor's comments with regard to the weight of the evidence and the applicable standard. The Chancellor did not, however, resolve these differences as mandated by Rule 24(c) and (e), and instead certified and transmitted the record to the appellate court.

On appeal, the Court of Appeals accurately observed:

-4-

We must note that this Court has not been provided a transcript of the hearing on [Ms. Bellamy's] motion for a new trial. [Ms. Bellamy], under Rule 24(c), did submit a Statement of the Evidence from such hearing. However, pursuant to Rule 24(c), [Cracker Barrel and Mr. Ludovissie] filed a Response to [Ms. Bellamy's] Statement of the Evidence, essentially providing their own statement of evidence, by objecting to [Ms. Bellamy's] recollection of the proceeding, and setting forth [Cracker Barrel and Mr. Ludovissie's] version of the hearing. Rather than reconciling the contradictory versions, as contemplated by Rule 24(e) and requested by [Cracker Barrel and Mr. Ludovissie], the trial court merely certified both [Ms. Bellamy's] and [Cracker Barrel and Mr. Ludovissie's] accounts by certifying the record, which included the Statement of the Evidence, [Cracker Barrel and Mr. Ludovissie's] Response, [Ms. Bellamy's] Response, and [Cracker Barrel and Mr. Ludovissie's] Surreply.

Rather than remanding to the Chancery Court, however, the Court of Appeals tried to reconcile the differences by searching for common ground in the statements submitted by the parties. Although perhaps understandable, the Court of Appeals' approach failed to comply with the mandates of Rule 24. As expressly stated in Rule 24(e), the trial court is to settle any disputes about the record "regardless of whether the record has been transmitted to the appellate court."

Accordingly, we grant the application for permission to appeal, vacate the Court of Appeals' judgment and remand this appeal to the Court of Appeals. Furthermore, the Court of Appeals is ordered to direct the trial court to resolve the conflicts in the parties' statements of the proceedings and to certify and transmit a proper supplemental record to the Court of Appeals for resolution of the issues. See Tenn. R. App. P. 24(e). Costs of this application for permission to appeal to this Court are taxed in equal portions between the parties and their respective sureties to be assessed and collected by the Clerk of this Court when this appeal becomes final.

_____
SHARON G. LEE, JUSTICE