# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 5, 2014 Session

## KIRBY MIRANDA GENTRY v. MICHAEL ANTHONY GENTRY

**Interlocutory Appeal from the Circuit Court for Bradley County**
**No. V-10-249     J. Michael Sharp, Judge**

---

**No. E2013-01038-COA-R9-CV-FILED-MAY 28, 2014**

---

In this post-divorce case, the trial court entered an order on March 12, 2012, incorporating a permanent parenting plan. The order states that "[t]his matter shall be reviewed in one year." On April 18, 2013, the court entered an order stating that "the Court, *sua sponte*, finds that the Permanent Parenting Plan attached to the Order of [March 12, 2012], should in fact be a Temporary Parenting Plan and by this Order [the court] corrects such." We hold that under Tenn. Code Ann. § 36-6-404(a) (2010), which provides that "[a]ny final decree or decree of modification in an action for absolute divorce . . . involving a minor child shall incorporate a permanent parenting plan," the parenting plan incorporated by the trial court's March 12, 2012 order was a permanent plan. Because of the mandatory statutory language, the trial court was without authority to subsequently "convert" it to a temporary parenting plan. Consequently, we reverse the judgment of the trial court.

### Tenn. R. App. P. 9 Interlocutory Appeal by Permission;
### Judgment of the Circuit Court Reversed; Case Remanded

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Philip M. Jacobs, Cleveland, Tennessee, for the appellant, Kirby Miranda Gentry.

No appearance by, or on behalf of, Michael Anthony Gentry.

# OPINION

## I.

The parties, Kirby Miranda Gentry ("mother") and Michael Anthony Gentry ("father"), were divorced by entry of a December 14, 2010, order designated as a "final decree." The divorce decree named mother the primary residential parent, granted father co-parenting time, set father's child support obligation, and further stated as follows:

> This matter shall be reviewed in twelve (12) months to determine if it is in the best interest of the minor child for [father] to have additional co-parenting time.

> The Court will adopt whatever Permanent Parenting Plan that is in the best interest of the minor child at the review hearing in twelve (12) months.

Time passed. After a later hearing on February 13, 2012, the trial court entered an order on March 12, 2012, providing (1) that mother would remain the primary residential parent; (2) that father's child support payment was adjusted; and (3) that a permanent parenting plan as approved by the court was incorporated into the order. The trial court utilized a standard parenting plan form. *See* Tenn. Code Ann. § 36-4-404(d) ("The administrative office of the courts shall develop a 'parenting plan' form that shall be used consistently by each court within the state that approves parenting plans pursuant to § 36-6-403 or 36-6-404") (footnote omitted). The March 12, 2012, order also stated, however, that "[t]his matter shall be reviewed in one year."

On April 3, 2013, father filed a petition to modify the parenting plan, asking the trial court to grant him more co-parenting time. On April 18, 2013, the trial court entered an order stating, in pertinent part, as follows:

> The Court has reviewed its notes of the [h]earing of February 13, 2012, from and after the [h]earing date of February 25, 2013, and finds that the Order [of March 12, 2012] was not intended to be a Final Order. It was intended to be left open.

> Because the Court put in place a document called a Permanent Parenting Plan, but also indicated that a review would occur in one (1) year, the Court's intent was that such was not a

-2-

> Permanent Parenting Plan but in fact a Temporary Parenting
> Plan.
>
> Because of the above, the Court[,] *sua sponte*, finds that the
> Permanent Parenting Plan attached to the Order of [March 12,
> 2012], should in fact be a Temporary Parenting Plan and by this
> Order corrects such, pursuant to T.R.C.P. 60.01 consistent with
> the Court's intent stated herein.

(Italics in original.)  Mother filed a motion for an interlocutory appeal pursuant to Tenn. R. App. P. 9, which the trial court granted.

## II.

Mother raises the following issues, as quoted from her brief:

> 1. Did the trial court err in failing to adopt a permanent
> parenting plan, when the original divorce decree was entered on
> December 14, 2010, and in maintaining the issue of a permanent
> parenting plan for twelve month reviews?
>
> 2. Did the trial court err in setting aside the permanent parenting
> plan entered [March 12, 2012], based upon the trial court's
> intent that it was to have been an additional temporary parenting
> plan to again be reviewed in twelve months?

These issues involve questions of law, which we review de novo.  *See* Tenn. R. App. P. 13(d); ***Westgate Smoky Mountains at Gatlinburg v. Phillips***, No. E2011-02538-SC-R11-CV, 2013 WL 6800358 at *2 (Tenn., filed Dec. 23, 2013).  There are no disputed facts on this appeal.

## III.

The governing statute in this case is clear and unambiguous.  It states, in pertinent part, as follows: "[a]ny final decree or decree of modification in an action for absolute divorce, legal separation, annulment, or separate maintenance involving a minor child *shall incorporate a permanent parenting plan*[.]"  Tenn. Code Ann. § 36-6-404(a) (emphasis added).  "As a general matter, when the word 'shall' is used in a statute it is construed to be mandatory, not discretionary."  ***Home Builders Ass'n of Mid. Tenn. v. Williamson Cnty.***,

304 S.W.3d 812, 819 (Tenn. 2010); *accord Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012); *Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009). We have observed on several occasions that "Tenn. Code Ann. § 36-6-404(a) requires that a permanent parenting plan be incorporated into any final decree in an action for absolute divorce involving a minor child." *Estes v. Estes*, No. M2010-02554-COA-R3-CV, 2011 WL 4729862 at *8 (Tenn. Ct. App. M.S., filed Oct. 7, 2011); *see also Gentry v. Gentry*, No. W2004-00640-COA-R3-CV, 2005 WL 901145 at *5 (Tenn. Ct. App. W.S., filed Apr. 18, 2005). The Supreme Court has also recently noted that "every final decree in a divorce action in Tennessee involving a minor child must incorporate a permanent parenting plan." *Armbrister v. Armbrister*, 414 S.W.3d 685, 696 (Tenn. 2013). Under these authorities, the trial court was obligated to include a permanent parenting plan in its final divorce judgment of December 14, 2010.[1]

In the case of *Davidson v. Davidson*, No. M2009-01990-COA-R3-CV, 2010 WL 4629470 (Tenn. Ct. App. M.S., filed Nov. 15, 2010), we addressed a similar factual situation and essentially the same issue. We stated the following:

> In the Final Judgment of Divorce the trial court approved a permanent parenting plan and made it the order of the court; however, the trial court purported to make the plan temporary by stating:
>
>> (2)(h). This custody arrangement is only temporary. The Court had considered giving the Husband five (5) days per week and the Wife two (2) days per week but the Court wants to see progress made by the Wife. This is a temporary order on custody because the Court is going to continue to monitor the Wife's progress. If the custody arrangement does not work, then the Court shall change the arrangement to Husband having the children five (5) days per week and the Wife having only two (2) days per week. If there is any conflict, or any acting out on the part of the Wife, or if the Wife puts any more heartbreak on these children, the Court will consider more extreme measures. . . . The Court expects a

---

[1] The court did correctly designate the parenting plan adopted and incorporated in its March 12, 2012 order as a permanent parenting plan.

> concerted effort on the Wife's part to take care of her personality disorders that cause her to act the way she does.
>
> Tenn. Code Ann. § 36-6-404(a), entitled "Requirement of and Procedure for Determining Permanent Parenting Plan," however, mandates the court to incorporate a permanent parenting plan with any final decree in an action for absolute divorce. *See* Tenn. Code Ann. § 36-6-404(a) (2005). The authority of a trial court to enter a temporary parenting plan is set forth in Tenn. Code Ann. § 36-6-403 which states, "[e]xcept as may be specifically provided otherwise herein, a temporary parenting plan shall be incorporated *in any temporary order* of the court in actions for absolute divorce, legal separation, annulment, or separate maintenance involving a minor child. . . ." Tenn. Code Ann. § 36-6-403 (2005) (emphasis added). A trial court is to make a final, "permanent" decision on parental responsibility when it enters the final order on divorce; temporary parenting plans are reserved for temporary orders pending the final hearing.
>
> The trial court lacked authority to maintain indefinite control over the parenting plan, and the court's language in paragraph (2)(h), calling the plan temporary, does not undermine the finality of the Permanent Parenting Plan Order which was incorporated into the Final Decree of Divorce. Consequently, section (2)(h) of the October 2008 order is of no effect and the parenting plan order entered with and incorporated into the Final Judgment of Divorce was the permanent parenting plan required by Tenn. Code Ann. § 36-6-404(a).

2010 WL 4629470 at *5 (footnotes omitted; emphasis in original). **Davidson** is directly on point with respect to the case now before us. Similarly, in this case, the parenting plan order incorporated into the trial court's March 12, 2012, order is the statutorily required permanent parenting plan. The trial court was without authority to later modify it to make it "temporary," and its order to that effect is of no legal consequence.

It is clear that the trial court had only the best intentions in trying to strike the appropriate balance between the finality of a permanent parenting plan order, and its

attendant desirable stability, consistency, and predictability, and the flexibility needed to adapt to changing circumstances. The court stated,

> when we began this when the final decree went down in December of 2010 and I put an order in place I had two . . . young parents, one of whom was I thought at the time struggling with some post-military, getting-out-and-getting-on-with-life issues, but I put a specific provision in place at that time that this matter was to be reviewed in 12 months to determine if it was in the best interest of the minor child for the [father] to have any additional co-parenting time. . . . And my intention was to see if, frankly, if Dad could grow up some and mature up some and get us to a better point. Because my position is all children, if their parents will let them, need as much and as good a relationship with both parents, if both parents will do the right thing, with their child. That's what I was intending to do.

In ***Armbrister***, the Supreme Court set forth comprehensive guidance on how courts should balance the needs for finality and flexibility in parenting plans, stating as follows in pertinent part:

> Once a permanent parenting plan has been incorporated in a final divorce decree, the parties are required to comply with it unless and until it is modified as permitted by law. *See* Tenn. Code Ann. § 36-6-405 (2010). In assessing a petition to modify a permanent parenting plan, the court must first determine if a material change in circumstances has occurred and then apply the "best interest" factors of section 36-6-106(a). Finally, pursuant to the modification procedures described in section 36-6-405(a), the court must apply the fifteen factors of section 36-6-404(b), so as to determine how, if at all, to modify the residential parenting schedule.
>
> \*　　\*　　\*
>
> The 2004 legislation, which is now codified at Tennessee Code Annotated section 36-6-101(a)(2)(C) (2010) and is applicable in this appeal, provides:

-6-

(C) If the issue before the court is a modification of the court's prior decree pertaining to a residential parenting schedule, then the petitioner must prove by a preponderance of the evidence a material change of circumstance affecting the child's best interest. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance for purposes of modification of a residential parenting schedule may include, but is not limited to, significant changes in the needs of the child over time, which may include changes relating to age; significant changes in the parent's living or working condition that significantly affect parenting; failure to adhere to the parenting plan; or other circumstances making a change in the residential parenting time in the best interest of the child.

Tenn. Code Ann. § 36-6-101(a)(2)(C). Some of the factors listed in section 36-6-101(a)(2)(C) as constituting a material change in circumstances for modification of a residential parenting schedule are not listed in section 36-6-101(a)(2)(B) as a material change in circumstances for purposes of modifying a "prior decree pertaining to custody." Thus, as the Court of Appeals has recognized, the 2004 amendment resulted in Tennessee having a different set of criteria for determining whether a material change in circumstances exists for modification of a "residential parenting schedule" as compared to the standard that applies for modification of "custody" – a statutory term the Court of Appeals has equated to the designation of a "primary residential parent."

As the Court of Appeals also has recognized, section 36-6-101(a)(2)(C) sets " 'a very low threshold for establishing a material change of circumstances' " when a party seeks to modify a residential parenting schedule.

\* \* \*

Consistent with section 36-6-101(a)(2)(C), we hold that facts or changed conditions which reasonably could have been anticipated when the initial residential parenting schedule was adopted may support a finding of a material change in circumstances, so long as the party seeking modification has proven by a preponderance of the evidence "a material change of circumstance affecting the child's best interest."

\* \* \*

Once a material change in circumstances affecting the children's best interests has been established, a court finally must utilize the process prescribed by Tennessee Code Annotated section 36-6-404(b) to determine how the residential parenting schedule should be modified. . . . First, a court must determine whether either parent has engaged in any of the conduct described in section 36-6-406, which would necessitate limiting that parent's residential time with the child. *See* Tenn. Code Ann. § 36-6-404(b), -406 (2010). If section 36-6-406 does not apply, a court must then consider the fifteen specific factors enumerated in the statute, *id*. § 36-6-404(b)(1)-(15), and may also consider "[a]ny other factors deemed relevant by the court," *id*. 36-6-404(b)(16).

414 S.W.3d at 697-98, 702-03, 704, 706 (internal citations omitted).

On remand, the trial court shall consider father's petition to modify the permanent parenting plan under the principles espoused in *Armbrister*.

IV.

The judgment of the trial court purporting to modify the permanent parenting plan to a "temporary plan" is reversed. The case is remanded to the trial court for consideration of father's petition to modify the permanent parenting plan and for such further action as may be necessary, consistent with this opinion. Costs on appeal are assessed to the appellee, Michael Anthony Gentry.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE