IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 17, 2016 Session

## DEBORAH LACY v. HCA TRISTAR HENDERSONVILLE HOSPITAL, ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 83CC12013CV1319    Joe Thompson, Judge**

———————————————————

**No. M2015-02217-COA-R3-CV – Filed August 25, 2016**

———————————————————

This appeal arises from an involuntary dismissal after the close of plaintiff's proof under Rule 41.02(2) of the Tennessee Rules of Civil Procedure. The pro se plaintiff submitted a statement of the evidence, and the defendants objected, requesting that the statement of the evidence be excluded from the record. The trial court sustained the objection and excluded the statement of the evidence from the record. We vacate the order of dismissal and remand for the trial court to make findings of fact. Because the trial court was required by the Tennessee Rules of Appellate Procedure to approve a statement of the evidence, we also remand for supplementation of the record.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Deborah Lacy, Madison, Tennessee, appellant, pro se.

Robert E. Boston and Paul Maxwell Smith III, Nashville, Tennessee, for the appellees, Denise Dallenbach, James Smallwood, Darlene Malone, Beverly Simpson, Duane Edson Harrison, Kim Wilburn, and Hendersonville Hospital Corporation.

## OPINION

In November 2013, Deborah Lacy sued Hendersonville Hospital Corporation (the "Hospital") and Hospital employees Denise Dallenbach, Jim Smallwood, Darlene Malone,

Beverly Simpson, and Dr. Duane Edson Harrison in the Circuit Court for Sumner County, Tennessee. Ms. Lacy alleged that she was struck multiple times by co-workers during her employment as a phlebotomist at the Hospital. She sought both compensatory and punitive damages.

The Hospital moved for summary judgment. On July 17, 2015, the trial court granted summary judgment, concluding that the Workers' Compensation Law, Tennessee Code Annotated §§ 50-6-101 to -921 (2014),[1] represented Ms. Lacy's sole remedy. The court also designated the judgment as final. *See* Tenn. R. Civ. P. 54.02. Ms. Lacy did not file a timely appeal from this judgment.

The remaining parties proceeded to trial on November 5, 2015. Following the close of Ms. Lacy's proof, the remaining defendants ("Appellees") moved for involuntary dismissal of her claims. The court granted the motion, finding that Ms. Lacy "failed to present any evidence of any type to support any award of damages for her claims of assault and battery." The court's order included its conclusions of law, specifically that "Tennessee law requires proof of causation and damages through competent testimony to be considered by the Court." From this decision, Ms. Lacy filed a timely notice of appeal.

## DISCUSSION

As an initial matter, Appellees argue that Ms. Lacy "has ignored the Rules of Appellate Procedure and her purported arguments should be deemed waived." We agree that Ms. Lacy's brief does not meet the requirements of the Tennessee Rules of Appellate Procedure. However, Ms. Lacy represents herself on appeal, as she did at trial. We give pro se litigants a certain degree of leeway in their pleadings and, on appeal, their briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Further, the appellate rules are to "be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits." Tenn. R. App. P. 1. In this instance, we find it appropriate to relax the requirements of the appellate rules insofar as Ms. Lacy's brief is concerned. *Id.* 2.

### SUFFICIENCY OF THE APPELLATE RECORD

Although Ms. Lacy's brief includes a section entitled "THE ISSUES PRESENTED," many of her issues are difficult to fully comprehend. We are able to determine that Ms. Lacy assigns error to the trial court's failure to approve a statement of the evidence.[2] This issue must be addressed first because it impacts Ms. Lacy's right to appellate review.

---

[1] Ms. Lacy's alleged injuries occurred prior to the enactment of the Workers' Compensation Reform Act of 2013. *See* 2013 Tenn. Pub. Acts 767 (ch. 289).

[2] Specifically, Ms. Lacy's brief states, "Wheather [sic] the trial court erred in . . . not letting the

The appellant has the obligation to prepare a transcript "as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal" or, absent that, a statement of the evidence. *Id.* 24(b), (c). If a statement of the evidence is filed and the appellee files objections, "[a]ny differences regarding the statement shall be settled as set forth in subdivision (e) of [Tennessee Rule of Appellate Procedure 24]." *Id.* 24(c). Subdivision (e) of Tennessee Rule of Appellate Procedure 24 provides as follows:

> **(e) Correction or Modification of the Record.** If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

*Id.* 24(e).

Our Supreme Court interprets the trial court's role in the resolution of differences in the statement of the evidence as mandatory. *Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009). Further, the Supreme Court reads subsections (c) and (e) of Rule 24 together as requiring the trial judge to, not only rule on objections, but also to "approve a single statement of the evidence. In so doing, [the trial judge] should require counsel to consolidate into one instrument all of the uncontested portions of their respective statements, together with the Court's version of any contested matter." *Id.* (quoting *Vowell v. Vowell*, Lauderdale Eq. No. 2, 1988 WL 104692, at *1 (Tenn. Ct. App. Oct. 10, 1988)).

From the record, we can glean that Ms. Lacy filed a statement of the evidence on January 11, 2016. Appellees filed their objections, in which they pointed out various deficiencies in the statement of the evidence. Appellees also requested that "the Court exclude Appellant's Statement of the Evidence in its entirety from the record on appeal." On February 2, 2016, the trial court entered an order granting Appellees' requested relief, and as a result, we do not have a statement of the evidence.

When the requirements of subsections (c) and (e) of Rule 24 are unfulfilled and it "frustrates a party's right to have its case reviewed by the appellate courts, the party may be entitled to a new trial as long as the trial court's failure to act was not the fault of the party."

---

Appellant [sic] Statement of evidence come over to the Appellate courts  . . . ."

*Id.* at 282. The lack of a statement of the evidence here does frustrate the right of appellate review because, in determining whether the trial court properly dismissed her case, we must review Ms. Lacy's proof. *See Burton v. Warren Farmers Co-op.*, 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002). Yet, we are mindful that the trial court did sustain all of Appellees' objections to Ms. Lacy's statement of the evidence, indicating that she did not comply with the rules and bore some fault.[3]

Under these circumstances, we remand and direct the trial court to resolve the parties' conflicts concerning Ms. Lacy's statement of the evidence, which may require ordering Appellees to submit a competing statement of the evidence, and to certify and transmit a proper supplemental record to this Court for resolution of the issues raised in this appeal. *See* Tenn. R. App. P. 24(e); *see also Bellamy*, 302 S.W.3d at 282 (directing trial court to resolve conflicts in competing statements of the evidence and to transmit a supplemental record to the Court of Appeals). If neither party has submitted a statement of the evidence that, in the trial court's opinion, represents a fair, accurate, and complete account of what transpired in the trial court, the trial court may give the parties an opportunity to correct the accuracy of their statements or the trial court may prepare its own statement of the evidence.

SUFFICIENCY OF THE ORDER OF DISMISSAL

In the interest of judicial economy, we also address the trial court's order granting Appellees' motion to dismiss. An involuntary dismissal under Tennessee Rule of Civil Procedure 41.02(2) is appropriate "if, based on the law and the evidence, the plaintiff failed to demonstrate a right to the relief sought." *Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 413 (Tenn. 2013). In granting a motion for involuntary dismissal, the court must "find the facts specially and . . . state separately its conclusions of law." Tenn. R. Civ. P. 41.02(2).

In this case, although the trial court stated its conclusions of law, the order of dismissal omits any factual findings. The order states that Ms. Lacy testified and that her claims sounded in tort, namely assault and battery, and that she failed to present proof of causation and damages. Here, we would expect findings of fact that support the trial court's conclusion that Ms. Lacy's claims sounded only in tort and did not include declaratory or injunctive relief as requested in her amended complaint. Such findings are necessary so that we can perform our review. *See Shore*, 411 S.W.3d at 414 (In reviewing a trial court's decision to grant an involuntary dismissal under Tennessee Rule of Civil Procedure 41.02(2), "we must review the record de novo, presuming that the trial court's factual findings are

---

[3] We are not unmindful of the circumstances faced by the trial court. As we have previously stated: "Conducting litigation involving a *pro se* litigant can be difficult and challenging. On one hand, a trial judge must accommodate the *pro se* litigant's legal naivete, and, on the other hand, he must not allow the *pro se* litigant an unfair advantage because the litigant represents himself." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651-52 (Tenn. Ct. App. 1988).

correct unless the evidence preponderates otherwise."). Given our resolution of the issue concerning the statement of the evidence, we conclude a remand to permit the trial court to make the necessary findings required by Tennessee Rule of Civil Procedure 41.02(2) is the appropriate remedy.

CONCLUSION

We vacate the order of dismissal and remand for appropriate factual findings based on the trial court's evaluation of the evidence presented by Ms. Lacy at trial on November 5, 2015 and, if necessary, any appropriate conclusions of law. We also remand for the trial court to resolve the parties' conflicts concerning Ms. Lacy's statement of the evidence and to certify and transmit a proper supplemental record to this Court for resolution of the issues raised by Ms. Lacy in this appeal.

_____
W. NEAL McBRAYER, JUDGE