IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 3, 2019 Session

## IN RE CONSERVATORSHIP OF JOHN MARTIN MULDOON

**Appeal from the Probate and Family Court for Cumberland County**
**No. 2018-PF-6184      Larry Michael Warner, Judge**

_____

### No. E2018-02116-COA-R3-CV

_____

This is an appeal from a final order entered in a conservatorship proceeding. There was no court reporter present for the final hearing in the case. The Trial Court concluded, following a hearing on the parties' competing Statements of the Evidence, that it could not resolve the parties' differences regarding what transpired at the final hearing for purposes of appeal and, therefore, granted a new trial. As a result, there is no longer a final judgment in the proceedings below and this Court no longer has jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J., JOHN W. MCCLARTY, J., AND THOMAS R. FRIERSON, II, J.

Kevin Poore, Crossville, Tennessee, for the appellant.

Jeffrey A. Vires, Crossville, Tennessee, for the appellee.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

longer a final judgment from which an appeal as of right would lie. The appellant has filed no response to the show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Moreover, despite the appellee's arguments to the contrary, the Trial Court appropriately granted a new trial in the proceedings below after determining that it was unable to resolve the parties' differences, pursuant to Rule 24(f) of the Tennessee Rules of Appellate Procedure, regarding a Statement of the Evidence for inclusion in the record. *See Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 282 (Tenn. 2009).

Because it is clear that there is no longer a final judgment in this case, the appeal is dismissed. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**