IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 4, 2019

## JOHN MARK PORTER v. BETSY HILLIS PORTER

**Appeal from the General Sessions Court for Warren County**
**No. 9236      William M. Locke, Judge**

————————————————————

### No. M2018-01411-COA-R3-CV

————————————————————

This appeal is from a final decree of divorce. The wife challenges the trial court's ruling regarding the ground for divorce and division of the marital estate. Because the trial court failed to make sufficient findings of fact and failed to comply with Tennessee Rule of Appellate Procedure 24, we are unable to conduct a meaningful appellate review. Accordingly, we vacate the decision of the trial court and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court
Vacated and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which RICHARD H. DINKINS and JOHN W. MCCLARTY, JJ., joined.

Betsy Hillis Porter, Aliceville, Alabama, Pro Se.

Robert O. Bratcher, McMinnville, Tennessee, for the appellee, John Mark Porter.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTS & PROCEDURAL HISTORY

Betsy Hillis Porter ("Wife") and John Mark Porter ("Husband") were married in 2013 and have no minor children. On June 20, 2017, Husband filed a complaint for divorce, alleging inappropriate marital conduct. On October 19, 2017, Husband filed a motion for default judgment. Shortly thereafter, Wife filed a response in opposition to the motion for default judgment, a motion for discovery, and a motion requesting all hearings be "canceled or held in abeyance," until she was served with the divorce complaint. Wife also filed a notice of her legal mailing address, which provided:

> SPECIAL LEGAL MAIL - OPEN ONLY IN THE
> PRESENCE OF ADDRESSEE
> Betsy Hillis, USM No. 45559-074
> Federal Correctional Institution
> Satellite Prison Camp-Aliceville
> P.O. Box 487
> Aliceville, AL 35442  (R.p16)

In November 2017, Husband filed a notice of hearing and letter to Wife from his attorney. The letter stated:

> At General Sessions Court on November 22, 2017, the Judge accepted your correspondence as an answer to the Divorce Complaint, and therefore the case is at issue, and No Default Judgment has been entered. I will be sending you a Notice of Hearing on the Divorce in the near future.
>
> There are No Rule 16 Discovery Motions in Divorce cases. According to the Plaintiff, John Mark Porter, all your personal belongings are in the possession of your family. The Real Property has been foreclosed upon by the bank, sold at Foreclosure, and your and his debt on the Real Property has been satisfied by the said Foreclosure Sale.
>
> As there are no children born of this marriage, the only issue left is the issue of the Divorce itself. As I am sure you are aware, being convicted of a Felony while married in and of itself is grounds for Divorce in the State of Tennessee.
>
> If I can be of further assistance, please feel free to contact me by mail at address as it appears above.

A subsequent notice of hearing was filed on May 30, 2018, setting the case for a hearing on June 27, 2018. On June 22, 2018, Wife filed an affidavit in support of an

equitable division of assets and mutual responsibility of debt.[2]  She attached to her affidavit exhibits which she indicated represented the debts of the parties.  On July 2, 2018, the trial court entered a final decree of divorce.  The final decree is two pages in length and states in its entirety:

> This cause came to be heard on the 27th day of June, 2018, before the Honorable Judge, William Locke, holding the General Sessions Court of Warren County, Tennessee, upon the Plaintiff's original **COMPLAINT FOR DIVORCE**, and the entire record as a whole, from all of which this Honorable Court is of the opinion that the Plaintiff, **JOHN MARK PORTER**, is entitled to an absolute divorce from the Defendant, **BETSY HILLIS PORTER**, on the grounds and acts of inappropriate martial [sic] conduct.

> The parties Real Property located at 378 Robinson Road, McMinnville, TN 37110, was foreclosed on by BB&T Home Mortgage about or around two (2) years ago. The Real Property located at 378 Robinson Road, McMinnville, TN 37110 was sold by the financial institution. Plaintiff, **JOHN MARK PORTER**, did not receive any equity of any kind from the sale of the Real Property located at 378 Robinson Road, McMinnville, TN 37110.

> Around two (2) years ago Defendant, **BETSEY HILLIS PORTER's** Father and Brother came to Plaintiff, **JOHN MARK PORTER**, with a list of her personal property items to be collected for her. They did receive her listed items.

> Plaintiff, **JOHN MARK PORTER**, has assumed all his personal debt during the last two (2) years.

> **IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

> 1. That the Plaintiff, **JOHN MARK PORTER**, is hereby granted an absolute divorce from the Defendant, **BETSY HILLIS PORTER**, and both parties are restored to all the rights and privileges of unmarried persons.

> 2. It appears there are NO Assets or Liabilities that exist between the parties requiring division of same. It also appears each party has their personal possessions and the parties have NO children of this marriage.

---

[2] The same affidavit and exhibits were filed with the trial court again on June 25, 2018.

3. This **FINAL DECREE OF DIVORCE** does not necessarily affect the ability of a creditor to proceed against a party or a party's property, even though the party in this action is not responsible under the terms of this **FINAL DECREE OF DIVORCE** for an account, any debt associated with an account or any debt; the Court further finds that it may be in both parties' best interest to cancel, close or freeze any jointly held accounts.

4. It is further, **ORDERED AND ADJUDGED**, that pursuant to the provisions of Tenn. Code Ann. [§] 56-7-2366 the parties shall not be obligated to carry medical insurance on one another upon entry of the final decree.

On August 2, 2018, Wife filed a notice of appeal. On October 4, 2018, this Court entered an administrative order requiring Wife to comply with Tennessee Rule of Appellate Procedure 24. On October 16, 2018, Wife filed her first statement of the evidence with the trial court. One month later, the trial court entered an order striking Wife's statement. The trial found that:

1. Appellant was incarcerated at the time of the hearing and was not present for the hearing, therefore, Appellant has no knowledge of the testimony or evidence presented at the hearing.

2. Appellant's Statement of the Evidence is not an accurate description of the evidence presented at the hearing.

Wife then filed a motion to resubmit the statement of the evidence. Wife's second statement of the evidence, filed on December 17, 2018, was again stricken from the record. The trial court entered an order reiterating that Wife had no knowledge of the evidence presented and her statement was not an accurate description of evidence presented at the hearing. Consequently, we entered a show cause order directing the trial court to approve a statement of the evidence prepared by either the appellee or by the trial court itself. Said order provided in pertinent part:

Here, the trial court disapproved the appellant's statement of the evidence but did not approve an alternative. Thus, the trial court's duty under Tenn. R. App. P. 24(e) remains unfulfilled. The appellant was not present for the hearing and requiring her to correct the accuracy of her statement of the evidence is not practical. Under these circumstances, the trial court should either give the appellee an opportunity to prepare an accurate statement or prepare its own statement.

It is, therefore, ordered that this matter is remanded to the trial court for approval of a statement of the evidence prepared either by the appellee

- 4 -

or by the trial court itself. The trial court clerk shall prepare and transmit the record on appeal within fourteen days after the trial court approves a statement of the evidence.

The trial court failed to comply with the show cause order. Conversely, the trial court clerk's certification of the appellate record stated that she was transmitting to this Court one technical record consisting of seventy-five pages and one volume of transcript. The record does not contain one volume of transcript, but rather, Wife's previously-stricken statement of the evidence filed on December 17, 2018.

## II. ISSUES PRESENTED

Wife presents the following issues, which we have slightly reworded, for review on appeal:

1. Whether the trial court erred in its division of the marital estate.

2. Whether the trial court erred granting Husband a divorce from Wife on the ground of inappropriate marital conduct.

For the following reasons, we vacate the decision of the trial court and remand the case for further proceedings.

## III. DISCUSSION

### A. Statement of the Evidence

Tennessee Rule of Appellate Procedure 24 sets forth the required contents of the record which must be submitted to this Court on appeal. In this case, there was no transcript of the evidence presented or transcript of the proceedings which occurred in the trial court. Therefore, preparation of a statement of the evidence was necessary. As pertinent to this case, Rule 24(c) explains, in part:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available . . . the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant . . . as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal.

- 5 -

Tenn. R. App. P. 24(c). Rule 24(f) then sets out the appropriate steps for approval of the transcript or statement of the evidence, providing that:

> The trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable after the filing thereof or after the expiration of the 15-day period for objections by appellee, as the case may be, but in all events within 30 days after the expiration of said period for filing objections. Otherwise the transcript or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court, except in cases where such approval did not occur by reason of the death or inability to act of the trial judge.

Tenn. R. App. P. 24(f).

Here, we previously entered a show cause order that provided directives to the trial court that would allow us to conduct a meaningful appellate review, in accordance with Rule 24. However, the trial court failed to comply with that order. Therefore, we have no transcript or statement of the evidence reflecting what occurred at trial. Accordingly, after closely reviewing the record and Tennessee Rule of Appellate Procedure 24, we conclude that we are unable to address the merits of the issues presented. As a result, we must vacate the order of the trial court and remand for approval of a statement of the evidence that fulfills the requirements of Tennessee Rule of Appellate Procedure 24 and the prior Order of this Court.

Despite the time that has elapsed since the trial, we respectfully remind the trial court that it has a duty to comply with Rule 24. The trial court may prepare its own statement of the evidence or give the appellee an opportunity to do so. If the court has no recollection of the trial, it may be left with no alternative but to retry the divorce. As this Court has previously explained, if the requirements of Rule 24 remain unfulfilled "and it 'frustrates a party's right to have its case reviewed by the appellate courts, the party may be entitled to a new trial as long as the trial court's failure to act was not the fault of the party.'" *Lacy v. HCA Tristar Hendersonville Hosp.*, No. M2015-02217-COA-R3-CV, 2016 WL 4497953, at *2 (Tenn. Ct. App. Aug. 25, 2016) (quoting *Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 282 (Tenn. 2009)).

### B.      *Findings of Fact*

In the interest of judicial economy, we also address the language of the final decree entered by the trial court which is the basis of this appeal. The final decree entered by the trial court contains sparse findings, leaving us unable to understand the court's rationale underlying its decision. *See* Tennessee Rule of Civil Procedure 52.01 (providing that a trial court "shall find the facts specially and shall state separately its

- 6 -

conclusions of law and direct the entry of the appropriate judgment"). We emphasize that the order must contain enough findings so that we are not "left to wonder on what basis the court reached its ultimate decision." *In re K.H.*, No. 2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009) (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004)).

When a trial court fails to make findings of fact, it is appropriate to vacate the decision and remand the case to the trial court with instructions to issue sufficient findings of fact and conclusions of law. *See, e.g., Williams v. Williams*, No. W2017-02023-COA-R3-CV, 2018 WL 3532077, at *3 (Tenn. Ct. App. July 23, 2018) (vacating and remanding the judgment of the trial court for findings in compliance with Rule 52.01); *In re Caleb F.*, M2016-01584-COA-R3-JV, 2017 WL 5712992, at *6-7 (Tenn. Ct. App. Nov. 28, 2017) (same); *Whitfield v. Schroeder*, No. M2016-00791-COA-R3-CV, 2017 WL 2192071, at *7 (Tenn. Ct. App. May 17, 2017) (same). We have determined that the order in this case lacks adequate factual findings that would allow us to conduct a meaningful appellate review. Therefore, we must also vacate the order of the trial court and remand for entry of an order which complies with the requirements of Tennessee Rule of Civil Procedure 52.01.

## IV. CONCLUSION

For the foregoing reasons, we vacate the order of the trial court and remand the case for the trial court to make additional findings of fact in compliance with Tennessee Rule of Civil Procedure 52.01. Additionally, we also remand for the trial court to approve a statement of the evidence prepared by either the appellee or the trial court itself, and certify and transmit a proper supplemental record to this Court for resolution of the issues raised by Appellant. Costs of the appeal are taxed equally to appellant, Betsy Hillis Porter, and to appellee, John Mark Porter, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE