FILED
11/07/2023
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 1, 2023

## DOROTHY ELIZABETH SLAUGHTER, JR. v. STEVEN WILLIAM STILLWAGON

**Appeal from the Chancery Court for Washington County**
**No. 23DM0037C      Suzanne S. Cook, Judge**

_____

### No. E2023-01531-COA-T10B-CV

_____

In this matter, the petitioner seeks a reversal of the trial court's decision not to recuse itself. Due to the failure of the petitioner to meet the mandatory requirements of Tennessee Supreme Court Rule 10B, § 2.03, this appeal is dismissed and the trial court's decision is affirmed.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Lois Bunton Shults-Davis, Erwin, Tennessee, for the appellant, Steven William Stillwagon.

McKenna Louise Cox, Johnson City, Tennessee, for the appellee, Dorothy Elizabeth Slaughter.

### OPINION

This matter involves an interlocutory appeal pursuant to Tennessee Supreme Court Rule 10B seeking the recusal of Judge Suzanne S. Cook. According to the trial court's October 12, 2023 order denying the recusal, a motion to recuse Judge Cook was filed on October 2, 2023. The appeal was timely filed on November 1, 2023. We review the trial court's decision pursuant to the de novo standard of review. TENN. SUP. CT. R. 10B, § 2.01.

As this Court has previously stated,

> "We emphasize . . . that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis." As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance."

*Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *4 (Tenn. Ct. App. July 28, 2020) (quoting *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)). The only record we have in 10B expedited appeals is what the petitioner files with the petition. *Lowe v. Lowe*, No. E2023-01061-COA-T10B-CV, 2023 WL 5257960, at *3 n.1 (Tenn. Ct. App. Aug. 16, 2023). Thus, Rule 10B, § 2.03 specifies what the appellate court will need, as a minimum, to evaluate the case:

> The petition for recusal appeal shall contain:
>
> (a) A statement of the issues presented for review;
>
> (b) A statement of the facts, setting forth the facts relevant to the issues presented for review;
>
> (c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and
>
> (d) A short conclusion, stating the precise relief sought.
>
> The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.

These provisions are mandatory, as indicated by the word "shall." *Bellamy v. Cracker Barrell Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009) ("When 'shall' is used in a statute or rule, the requirement is mandatory.") (citing *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965)).

The petitioner has failed to include with the Rule 10B petition the motion to recuse filed in the trial court. Sometimes, this particular failure can be rescued by other documents

filed as part of the appeal. For example, in *Xingkui Guo v. Rogers*, No. M2020-01321-COA-T10B-CV, 2020 WL 6781244, at *2 (Tenn. Ct. App. Nov. 18, 2020), this Court stated,

> In its order, the trial court clearly establishes the parameters of Mr. Guo's motion to recuse and clearly outlines his arguments in favor of recusal. As such, we are able to glean Mr. Guo's arguments from the trial court's order and from the other documents in the record. Therefore, Mr. Guo's omission of the motion for recusal from the appellate record is not fatal to our ability to review the trial court's ruling, and we will proceed with adjudication of the appeal on the merits. However, we caution litigants that "while in this case we chose to proceed with our review despite the fact that [a party] chose not to abide by the rules of th[e] [Tennessee Supreme] Court, we cannot say we will be so accommodating and choose to do the same in the future." *Watson v. City of Jackson*, 448 S.W.3d 919, 928 (Tenn. Ct. App. 2014) (quoting *Wells v. Wells*, No. W2009-01600-COA-R3-CV, 2010 WL 891885, at *4 (Tenn. Ct. App. March 15, 2010)).

However, in this instance, we cannot forgive or overlook the petitioner's failure to include the mandatory motion to recuse because it is apparent from the judge's order that flaws in that motion were central to the trial judge's denial of the motion. The trial judge noted the petitioner's failure to include the language regarding "personal knowledge" and "under penalty of perjury" and failure to date the signature. The trial judge also observed that there was no affidavit as required by Rule 10B. According to the judge, there was an attempt to notarize the motion, but the document lacks a county designation and a notary seal. The judge also states that the motion is not supported by "other appropriate materials" as required by Rule 10B and that the motion lacks specificity. None of these matters can be evaluated without the motion and attachments. Thus, we must dismiss this appeal.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the petitioner, for which execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE