IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 5, 2017 Session

## DEBORAH LACY v.
## HCA TRISTAR HENDERSONVILLE HOSPITAL ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 2013-CV-1319     Joe H. Thompson, Judge**

_____

**No. M2017-01055-COA-R3-CV**

_____

This action, which involves the plaintiff's claims of assault and battery against her former co-workers and a medical doctor at the hospital where she was previously employed, is before this Court on appeal for the second time. *See Lacy v. HCA Tristar Hendersonville Hosp.*, No. M2015-02217-COA-R3-CV, 2016 WL 4497953 (Tenn. Ct. App. Aug. 25, 2016) ("*Lacy I*"). The first appeal arose from an involuntary dismissal, pursuant to Tennessee Rule of Civil Procedure 41.02(2), following the close of the plaintiff's proof during a bench trial. The plaintiff, proceeding without benefit of counsel, had filed a statement of the evidence, which was subsequently stricken from the record by the trial court upon an objection filed by the defendants. The first appeal came before this Court without a statement of the evidence in the record. Determining that the trial court had failed to resolve the parties' conflicts concerning the plaintiff's statement of the evidence, pursuant to Tennessee Rule of Appellate Procedure 24(c) and (e), and that the trial court had failed to make sufficient factual findings in its final order, this Court vacated the order of involuntary dismissal and remanded to the trial court for appropriate factual findings and a resolution of the conflicts concerning the statement of the evidence. *Lacy I*, 2016 WL 4497953, at *3. On remand, the defendants submitted a statement of the evidence, which, upon review, the trial court approved as accurate. The trial court then entered an order setting forth findings of fact and conclusions of law, determining that the plaintiff had failed to present proof of causation and damages during the bench trial. The trial court subsequently entered a final order dismissing the plaintiff's claims with prejudice. The plaintiff timely appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Deborah Lacy, Madison, Tennessee, Pro Se.

Robert E. Boston and Paul Maxwell Smith, III, Nashville, Tennessee, for the appellees, Denise Dallenbach, Jim Smallwood, Darlene Malone, Beverly Simpson, and Dr. Duane Edson Harrison.

**OPINION**

I. Factual and Procedural Background

The plaintiff, Deborah Lacy, was employed as a phlebotomist by Hendersonville Hospital Corporation ("the Hospital"), from September 10, 2012, through February 18, 2013. On November 18, 2013, Ms. Lacy filed a complaint, naming as a defendant HCA Tristar Hendersonville Hospital d/b/a Hendersonville HCA Medical Center and Tri Hendersonville Hospital. In subsequent pleadings, the Hospital clarified its corporate name as Hendersonville Hospital Corporation. Ms. Lacy also named as defendants five individual Hospital employees: Denise Dallenbach, Jim Smallwood, Darlene Malone, Beverly Simpson, and Dr. Duane Edson Harrison (collectively, "Individual Defendants"). Ms. Lacy filed an amended complaint on November 25, 2013. Alleging that she had been "struck multiple times by co-workers during her employment" with the Hospital, Ms. Lacy sought compensatory and punitive damages. *See Lacy I*, 2016 WL 4497953, at *1.

The Hospital and Individual Defendants filed an answer on February 3, 2014, denying all substantive allegations and raising several affirmative defenses. They concomitantly asserted a counterclaim against Ms. Lacy, alleging slander, libel, and defamation. Ms. Lacy filed a response and several other pleadings, including a "Motion for Settlement," which was denied by the trial court as a pleading that failed to "request any ascertainable relief" in an order entered on February 24, 2015.

Upon the Hospital's separate motion, the trial court granted summary judgment in favor of the Hospital in an order entered July 17, 2015, dismissing Ms. Lacy's claims against the Hospital upon concluding that Ms. Lacy's sole means of remedy against the Hospital would have been through a workers' compensation claim. The court designated this order as final pursuant to Tennessee Rule of Civil Procedure 54.02. Although Ms. Lacy filed a "response" to the order, she did not file a timely appeal of the judgment in favor of the Hospital. Accordingly, the Hospital is not involved in the appeal currently before this Court and was not involved in the first appeal of this matter.

In *Lacy I*, this Court summarized the remaining proceedings leading to the first appeal as follows:

The remaining parties proceeded to trial on November 5, 2015. Following the close of Ms. Lacy's proof, the remaining defendants [Individual Defendants] moved for involuntary dismissal of her claims. The court granted the motion, finding that Ms. Lacy "failed to present any evidence of any type to support any award of damages for her claims of assault and battery." The court's order included its conclusions of law, specifically that "Tennessee law requires proof of causation and damages through competent testimony to be considered by the Court." From this decision, Ms. Lacy filed a timely notice of appeal.

*Lacy I*, 2016 WL 4497953, at *1. In addition, upon Individual Defendants' motion for voluntary dismissal of their counterclaims, the trial court dismissed Individual Defendants' counterclaims against Ms. Lacy without prejudice. The court's order dismissing all claims was entered on November 12, 2015.

On appeal, this Court vacated the trial court's order dismissing Ms. Lacy's claims against Individual Defendants upon determining that the trial court had erred by failing to (1) resolve the parties' differences presented regarding a statement of the evidence presented by Ms. Lacy and (2) make sufficient factual findings supporting its conclusions of law. *Id.* at *3. Concerning the disputed statement of the evidence, this Court explained in pertinent part:

> Our Supreme Court interprets the trial court's role in the resolution of differences in the statement of the evidence as mandatory. *Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009). Further, the Supreme Court reads subsections (c) and (e) of Rule 24 together as requiring the trial judge to, not only rule on objections, but also to "approve a single statement of the evidence. In so doing, [the trial judge] should require counsel to consolidate into one instrument all of the uncontested portions of their respective statements, together with the Court's version of any contested matter." *Id.* (quoting *Vowell v. Vowell*, Lauderdale Eq. No. 2, 1988 WL 104692, at *1 (Tenn. Ct. App. Oct. 10, 1988)).

> From the record, we can glean that Ms. Lacy filed a statement of the evidence on January 11, 2016. [Individual Defendants] filed their objections, in which they pointed out various deficiencies in the statement of the evidence. [Individual Defendants] also requested that "the Court exclude [Ms. Lacy's] Statement of the Evidence in its entirety from the record on appeal." On February 2, 2016, the trial court entered an order

3

granting [Individual Defendants'] requested relief, and as a result, we do not have a statement of the evidence.

*Id.* at *2.

In remanding on this issue, this Court directed as follows:

Under these circumstances, we remand and direct the trial court to resolve the parties' conflicts concerning Ms. Lacy's statement of the evidence, which may require ordering [Individual Defendants] to submit a competing statement of the evidence, and to certify and transmit a proper supplemental record to this Court for resolution of the issues raised in this appeal. *See* Tenn. R. App. P. 24(e); *see also Bellamy*, 302 S.W.3d at 282 (directing trial court to resolve conflicts in competing statements of the evidence and to transmit a supplemental record to the Court of Appeals). If neither party has submitted a statement of the evidence that, in the trial court's opinion, represents a fair, accurate, and complete account of what transpired in the trial court, the trial court may give the parties an opportunity to correct the accuracy of their statements or the trial court may prepare its own statement of the evidence.

*Id.* at *3.

Concerning the need for factual findings, this Court determined: "Given our resolution of the issue concerning the statement of the evidence, we conclude a remand to permit the trial court to make the necessary findings required by Tennessee Rule of Civil Procedure 41.02(2) is the appropriate remedy." *Id.* In the conclusion of the decision, this Court specifically noted that the trial court was to make "appropriate factual findings based on the trial court's evaluation of the evidence presented by Ms. Lacy at trial on November 5, 2015 and, if necessary, any appropriate conclusions of law." *Id.*; *see* Tenn. R. Civ. P. 41.02 ("If the court grants the motion for involuntary dismissal, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.").

On remand, the trial court entered an order on January 23, 2017, directing Individual Defendants to "prepare and file a competing statement of the evidence within thirty (30) days." The court further directed that "[w]ithin thirty (30) days of submission of the competing statement of evidence, both parties shall submit proposed findings of fact and conclusions of law for consideration by the Court." Individual Defendants filed a proposed statement of the evidence, which was stamped as "received" by the trial court clerk's office on February 22, 2017. In an order entered March 3, 2017, the trial court

approved Individual Defendants' statement of the evidence, and the statement of the evidence was then stamped as "filed" on the same day as the order, March 3, 2017.[1]

The trial court subsequently entered "Findings of Fact and Conclusions of Law Regarding the Grant of Defendants' Motion for Involuntary Dismissal and Judgment of Dismissal, with Prejudice" on March 31, 2017. Noting that Ms. Lacy had not presented any testimony from a competent medical professional regarding the causation of her alleged injuries, the court determined that the Defendants' motion for involuntary dismissal should be granted because Ms. Lacy had failed to present proof of causation and damages. Finding that Ms. Lacy's proof presented at trial consisted entirely of her narrative testimony, the court summarized her testimony as follows:

> Lacy testified at trial that she began working at Hendersonville Medical Center as a phlebotomist on September 11, 2012. The Defendants also worked at the hospital, except for Dr. Harrison who provided medical services there.
>
> Lacy testified that on November 19, 2012, Dallenbach beat Lacy in her right shoulder while Lacy stood at a computer in a hospital lab. After Dallenbach finished beating Lacy, Lacy testified Smallwood then began to beat Lacy in the crease of her neck. Neither Dallenbach nor Smallwood said anything to Lacy during the asserted assaults. There were no witnesses.
>
> Lacy testified that on January 31, 2013, she was sitting in a chair beside the door into the main hospital lab when Dallenbach appeared and started hitting Lacy repeatedly on her right shoulder. Then, when Lacy walked over to attend to a lab machine, Smallwood struck her on the neck. Lacy testified she did not know why Dallenbach and Smallwood assaulted her.
>
> Lacy next testified that sometime in February 2013, Simpson walked up to Lacy as Lacy approached a patient's room and beat Lacy in the back of her neck. Lacy testified Simpson did not say anything and then walked away.

---

[1] Also on March 3, 3017, the trial court entered an order setting aside a prior order entitled, "Findings of Fact and Conclusions of Law Regarding the Grant of Defendants' Motion for Involuntary Dismissal and Judgment of Dismissal with Prejudice," it had entered on March 2, 2017. The court noted that the March 2 order had been prematurely issued "prior to the expiration of the time allotted for both parties to submit proposed findings of fact and conclusions of law."

Lacy testified that later on the same unknown day in February, 2013, Malone came up behind Lacy when Lacy was working on a computer and patted her. Lacy said she did not think Malone hit her.

Lacy testified that at another unknown time in February, 2013, she walked out of the emergency room and Dr. Harrison was standing near a back door speaking on his cell phone. Lacy acknowledged him and as Lacy was walking away, Dr. Harrison hit her in the back of her neck as hard as he could. Lacy turned around and looked at Dr. Harrison, who remained on the phone. Lacy walked out. There were no witnesses.

Lacy testified that the next time she was in the emergency room, about February 3 or 4, 2013, Dr. Harrison stepped over toward her, blocked her way and stared at her.

Lacy testified she quit working at the hospital by February 13 or 14, 2013.[2]

Lacy confirmed in response to a question from the Court that her claim was the Defendants assaulted her and the assaults injured her, requiring a shoulder surgery and a pending neck surgery.

While the foregoing recitation is brief, it is the substance of Lacy's relevant testimony. Her testimony was, respectfully, difficult to follow and included substantial immaterial comments or other matters of unknown purpose. The Court has done its best to recount Lacy's proof.

(Paragraph numbering omitted.)

The trial court entered an order on May 17, 2017, granting Individual Defendants' Rule 41.02 motion for involuntary dismissal, dismissing Ms. Lacy's complaint and amended complaint with prejudice, and specifically adopting its March 31, 2017 findings of fact and conclusions of law. Ms. Lacy timely appealed. She subsequently filed various documents with the trial court.

## II. Issues Presented

Ms. Lacy presents two issues on appeal, which we have restated as follows:

---

[2] A separation notice filed as an exhibit to the Hospital's motion for summary judgment reflected a separation date of February 18, 2013.

1. Whether the trial court erred by approving the statement of the evidence presented by Individual Defendants pursuant to Tennessee Rule of Appellate Procedure 24(c) and (e).

2. Whether the trial court erred on remand from this Court by failing to timely consider evidence presented by Ms. Lacy.

In addition, Individual Defendants have raised the following threshold issue, which we have similarly restated as follows:

3. Whether Ms. Lacy's issues should be deemed waived and this appeal dismissed based on Ms. Lacy's alleged failure to comply with Tennessee Rule of Appellate Procedure 27(a).

## III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

Our review of the trial court's decision to grant a Tennessee Rule of Civil Procedure 41.02 motion for involuntary dismissal is *de novo* upon the record, with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Boyer v. Heimermann*, 238 S.W.3d 249, 254 (Tenn. Ct. App. 2007), *perm. app. denied* (Tenn. Aug. 13, 2007) ("This standard is appropriate because the trial court has used the same reasoning to dispose of the motion that it would have used to make a final decision at the close of all the evidence."). As this Court has explained:

When a motion for involuntary dismissal is made at the conclusion of the plaintiff's proof in a bench trial, "the trial court must impartially weigh the evidence as though it were making findings of fact and

conclusions of law after all the evidence has been presented." *Building Materials Corp. v. Britt,* 211 S.W.3d 706, 711 (Tenn. 2007); *Thompson v. Hensley,* 136 S.W.3d [925,] 929 [(Tenn. Ct. App. 2003)]; *see also Burton v. Warren Farmers Coop.,* 129 S.W.3d [513,] 520 [(Tenn. Ct. App. 2002)]. If a plaintiff has failed to demonstrate her right to relief by a preponderance of the evidence under the facts as found by the court and pursuant to the applicable law, then the case should be dismissed. *Building Materials Corp. v. Britt,* 211 S.W.3d at 711; *Burton v. Warren Farmers Coop.,* 129 S.W.3d at 520-21.

*Boyer*, 238 S.W.3d at 254.

Furthermore, we recognize that Ms. Lacy is a *pro se* litigant and respect her decision to proceed self-represented. With regard to self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R.I. 1987). Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. *Oko v. Rogers,* 125 Ill. App. 3d 720, 81 Ill. Dec. 72, 75, 466 N.E.2d 658, 661 (1984). Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988), *perm. app. denied* (Tenn. Jan. 3, 1989). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer,* 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id.* Furthermore, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. May 20, 2010) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

IV. Compliance with Tennessee Rule of Appellate Procedure 27(a)

As a threshold issue, Individual Defendants contend that Ms. Lacy's principal brief on appeal is so "replete with deficiencies" that the issues she has raised should be

deemed waived and her appeal dismissed for failure to comply with Tennessee Rule of Appellate Procedure 27(a), which states in pertinent part:

(a)     Brief of the Appellant.  The brief of the appellant shall contain under appropriate headings and in the order here indicated:

    (1)     A table of contents, with references to the pages in the brief;

    (2)     A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

    * * *

    (4)     A statement of the issues presented for review;

    (5)     A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

    (6)     A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

    (7)     An argument, which may be preceded by a summary of argument, setting forth:

        (A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

    (8)     A short conclusion, stating the precise relief sought.

As Individual Defendants also note, Tennessee Court of Appeals Rule 6(b) similarly provides in pertinent part:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

As this Court has previously explained with regard to deficiencies in an appellate brief:

> Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]." *Bean v. Bean,* 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In *Bean,* we went on to hold that "an issue is waived where it is simply raised without any argument regarding its merits." *Id.* at 56; *see also Newcomb v. Kohler Co.,* 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in *Newcomb,* a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Newcomb,* 222 S.W.3d at 400. It is not the function of this Court to verify unsupported allegations in a party's brief or to research and construct the party's argument. *Bean,* 40 S.W.3d at 56.
>
> Despite the fact that [the appellant's] brief is woefully inadequate, there are times when this Court, in the discretion afforded it under Tenn. R. App. P. 2, may waive the briefing requirements to adjudicate the issues on their merits.

*Chiozza*, 315 S.W.3d at 489.

Individual Defendants specifically argue that Ms. Lacy has (1) erroneously relied on factual premises not contained within the statement of the evidence approved by the trial court, (2) failed to cite to the record, and (3) failed to cite authorities. In her principal brief, Ms. Lacy's sole citation to authority is to a criminal statute, and she has included no citations to the record. Ms. Lacy has included citations to legal authorities in her reply brief filed with this Court. However, reasons for the specific citations are

unclear in that the propositions within the cases cited are unrelated to the arguments presented. Ms. Lacy does, however, adhere to the basic sections required in a brief by Tennessee Rule of Appellate Procedure 27(a) and has set forth issues that, while somewhat jumbled, can be evaluated by this Court. We determine that although Ms. Lacy has failed to wholly comply with Tennessee Rule of Appellate Procedure 27(a) and Tennessee Court of Appeals Rule 6, this is an appropriate case in which to exercise our discretion to address this appeal on the merits. *See* Tenn. R. App. P. 2.

## V. Statement of the Evidence

Ms. Lacy asserts that the trial court did not follow this Court's mandate on remand because the trial court adopted Individual Defendants' statement of the evidence without properly considering her statement of the evidence. Upon thorough review, we determine that the trial court properly followed the mandate of this Court and did not abuse its discretion in approving Individual Defendants' statement of the evidence.

Tennessee Rule of Appellate Procedure 24(c) provides:

> **(c)** **Statement of the Evidence When No Report, Recital, or Transcript Is Available.** If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, or if the trial court determines, in its discretion, that the cost to obtain the stenographic report in a civil case is beyond the financial means of the appellant or that the cost is more expensive than the matters at issue on appeal justify, and a statement of the evidence or proceedings is a reasonable alternative to a stenographic report, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the

statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

Ms. Lacy had filed a statement of the evidence in preparation for the first appeal of this action before this Court. *See Lacy I*, 2016 WL 4497953, at \*2. Individual Defendants subsequently filed a motion objecting to Ms. Lacy's statement, asserting that it contained allegations and argument rather than a narrative of the proceedings. Finding the motion well taken, the trial court granted Individual Defendants' request to exclude Ms. Lacy's statement of the evidence from the record. On appeal, this Court determined that the trial court had erred by failing to resolve the differences between the parties concerning the statement of the evidence as set forth in Tennessee Rule of Appellate Procedure 24(e), which provides:

> e) **Correction or Modification of the Record.** If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. <u>Absent extraordinary circumstances, the determination of the trial court is conclusive.</u> If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

(Emphasis added.) In this regard, this Court in *Lacy I* specifically directed the trial court on remand to "resolve the parties' conflicts concerning Ms. Lacy's statement of the evidence, which may require ordering [Individual Defendants] to submit a competing statement of the evidence, and to certify and transmit a proper supplemental record to this Court for resolution of the issues raised in this appeal." *Lacy I*, 2016 WL 4497953, at \*3. We note that the statement of the evidence with which Individual Defendants' statement would be "competing" was the one originally filed by Ms. Lacy and rejected by the trial court as not representative of what had occurred during the proceedings.

On remand, the trial court, in an order entered January 23, 2017, directed Individual Defendants to file a competing statement of the evidence within thirty days of the order's entry, which they did. This statement of the evidence was stamped as "received" by the trial court on February 22, 2017, but was stamped as "filed" on the date that the trial court entered the order approving it, March 3, 2017.

Ms. Lacy claims to have filed an additional statement of the evidence on March 23, 2017, that was "stamped incorrectly" as filed on May 25, 2017. The filing at issue,

which is entitled, "EVIDENCE THAT IS OLD AND ONE NEW PIECE THAT WAS SENT AS PLAINTIFF WAS ASK TO SEND IN EVIDENCE IN THE APPEAL PROCESS," appears in the record subsequent to the trial court's May 17, 2017 final order and Ms. Lacy's notice of appeal. It is not clear how this document could have operated as a statement of the evidence because Ms. Lacy repeats in the document and attachments her assertions regarding the allegations rather than presenting a narrative of what occurred during the November 5, 2015 hearing. She also attached to the document medical records not admitted into evidence during the bench trial. Ms. Lacy filed additional similar pleadings as well, entitled variously, "Facts" and "Found evidence[] turned in to the Sumner County Trial Court Judge," that were date-stamped May 22, 2017.

We note that the trial court had reached its decision approving Individual Defendants' statement of the evidence, as opposed to Ms. Lacy's original statement of the evidence, in an order entered March 3, 2017, twenty days prior to when Ms. Lacy maintains that she filed the document that she insists should have been considered. Moreover, by approving Individual Defendants' statement of the evidence, the trial court impliedly adopted the statement as a "fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal" in contrast to the statement previously submitted by Ms. Lacy. *See* Tenn. R. App. P. 24(c). We find no extraordinary circumstances that would warrant disturbing the trial court's determination in this regard. *See id.* at 24(e). Ms. Lacy is not entitled to relief on this issue.

## VI. Consideration of Evidence Presented on Remand

Ms. Lacy also argues that the trial court erred by failing to consider new evidence she attempted to present on remand, specifically the medical records she filed concomitantly with and subsequent to her notice of appeal. Ms. Lacy appears to misunderstand this Court's direction on remand for the trial court to resolve differences regarding the statement of the evidence presented during the November 5, 2015 trial and to make specific factual findings regarding that proceeding. *See Lacy I*, 2016 WL 4497953, at *3. The trial court was directed by this Court to clarify what had occurred during the bench trial on November 5, 2015, as well as its own factual findings, to enable this Court to properly review the trial court's grant of Individual Defendants' motion for a Rule 41.02 involuntary dismissal. The trial court properly declined to consider any additional evidence that had not been presented during the bench trial.

Ms. Lacy also asserts that the trial court erred in failing to inform her regarding the status of subpoenaed witnesses who did not appear to testify during the bench trial. We note, however, that it does not appear that any of the witnesses that Ms. Lacy was attempting to subpoena would have testified as to medical causation of her injuries. Ms.

13

Lacy takes great issue with the fact that none of the Individual Defendants were required to testify, but in so asserting, she misapprehends the function of a Rule 41.02 dismissal at the close of the plaintiff's proof. Ms. Lacy did not call any of the Individual Defendants as witnesses before closing her own proof. *See Boyer*, 238 S.W.3d at 254 ("If a plaintiff has failed to demonstrate her right to relief by a preponderance of the evidence under the facts as found by the court and pursuant to the applicable law, then the case should be dismissed."). Upon careful review, we determine that the evidence presented during the bench trial does not preponderate against the trial court's decision to dismiss with prejudice Ms. Lacy's claims against Individual Defendants.

## VII. Conclusion

For the reasons stated above, we affirm the trial court's judgment. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below. The costs on appeal are assessed against the appellant, Deborah Lacy.

_____
THOMAS R. FRIERSON, II, JUDGE