IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2019

## KAYLA NICOLE (WHITE) BLAKNEY v. JUSTIN TAYLOR WHITE

**Appeal from the General Sessions Court for Hardin County**
**No. 8326      Daniel L. Smith, Judge**

_____

**No. W2018-00640-COA-R3-CV[1]**

_____

AND

## KAYLA NICOLE (WHITE) BLAKNEY v. JUSTIN TAYLOR WHITE

**Appeal from the General Sessions Court for Hardin County**
**No. 8326      Daniel L. Smith, Judge**

_____

**No. W2018-00617-COA-R3-CV**

_____

This is a consolidated appeal concerning a post-divorce action that involves the father's petition to modify the parties' existing permanent parenting plan. The trial court named the father as primary residential parent of the parties' child, increased the father's co-parenting time to 271 days per year, reduced the mother's co-parenting time to 94 days annually, and required that the mother's co-parenting time be supervised. The court further granted the father sole decision-making authority with respect to the child's education, non-emergency health care, religious upbringing, and extra-curricular activities. The mother has appealed. Having determined that the trial court failed to settle the differences between the parties' competing statements of the evidence, we vacate the trial court's judgment and remand this matter for the trial court to make the necessary findings required by Tennessee Rule of Appellate Procedure 24(e) and transmit a proper supplemental record to this Court.

---

[1] Mother initially filed two notices of appeal. Because both appeals involved the same parties and common facts and questions of law, this Court, *sua sponte*, entered an order on August 26, 2019, consolidating case No. W2018-00617-COA-R3-CV and case No. W2018-00640-COA-R3-CV pursuant to Tennessee Rule of Appellate Procedure 16(b).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Bryan J. Petty, Selmer, Tennessee, for the appellant, Kayla Nicole (White) Blakney.

Chadwick G. Hunt, Savannah, Tennessee, for the appellee, Justin Taylor White.

**OPINION**

I. Factual and Procedural Background

Kayla Nicole (White) Blakney ("Mother") and Justin Taylor White ("Father") were divorced by final decree of the General Sessions Court for Hardin County ("trial court"), entered May 21, 2015. The parties had one child born of the marriage, M.W. ("the Child"), who was one year of age at the time of the final decree's entry. Attendant to the divorce, Mother and Father agreed to a Permanent Parenting Plan ("PPP"), which the trial court incorporated into its decree. Pursuant to the PPP, Mother was designated primary residential parent and awarded 280 days of co-parenting time per year with the Child. Father enjoyed the remaining 85 days annually with the Child. Father was also ordered to pay child support to Mother in the amount of $564.00 per month. All major decisions related to the Child required joint agreement of the parents, and mediation was the established means of resolution for any dispute.

On June 23, 2017, Father filed a petition in the trial court, seeking to modify the existing PPP by reason of an alleged material change in circumstance that would, according to Father, necessitate his being named as primary residential parent of the Child. Father also filed a proposed permanent parenting plan, requesting that the trial court award him 341 days of co-parenting time with the Child and grant 24 days of co-parenting time to Mother annually. Father alleged, *inter alia*, that Mother had been under the influence of drugs in the Child's presence and that Mother had been hospitalized for a drug overdose. Father also averred that there was domestic violence in the home where the Child resided with Mother. On the same day, the trial court issued an "Ex Parte Emergency Custody Order and Restraining Order," setting a hearing for the next week.

Following a hearing, the trial court entered an order on June 29, 2017, granting temporary custody of the Child to Father and requiring Mother's parenting time to be supervised by Mother's sister. Both parties were ordered to submit to hair follicle drug screens and to participate in alternative dispute resolution. Although the parties participated in mediation on August 17, 2017, the mediator's final report reflects that no issues were resolved.

Upon Father's October 12, 2017 "Motion to Set Case for Final Disposition," the trial court conducted a hearing on November 20, 2017, and set the case for trial on January 8, 2018. On November 21, 2017, Mother filed a "Motion for Modification of Visitation" in order to "accommodate for more visitation during the upcoming holiday[s]." In response, Father filed an "Answer to Motion for Modification of Visitation." Following a hearing conducted on December 14, 2017, the trial court ordered residential co-parenting time for Mother over the holidays. Although a copy of this order does not appear in the record before us, Mother acknowledges in her appellate brief that her residential co-parenting time with the Child was to be supervised by either Mother's sister or Mother's husband.

Following a January 8, 2018 bench trial, the trial court took the matter under advisement. Prior to the court's adjudication, Father filed a "Motion for Ex Parte Relief and for Contempt," wherein he alleged that Mother refused to return the Child following her residential co-parenting time and, consequently, was in contempt of the trial court's order. The trial court entered an "Ex Parte Order and Restraining Order" on February 20, 2018, authorizing law enforcement to "assist [Father] in the enforcement of this Ex Parte Emergency Custody Order and Restraining Order by taking any and all necessary action to ensure that custody of [the Child] is restored to [Father]." Mother responded by filing three more motions: a "Motion to Set Aside" the court's *ex parte* order, an "Answer to Motion [f]or Ex Parte Relief and for Contempt," and a "Motion to Dismiss *Ex Parte* Temporary Order of Protection." Father filed respective responses to Mother's motions.

Following a hearing on the parties' pending motions, the trial court entered an order on March 16, 2018, (1) finding Mother in willful contempt of the previous orders of the court for failing to return the Child, (2) imposing a fine of $25.00, and (3) ordering Mother to pay Father's attorney's fees in the amount of $1,500.00. The trial court also denied Mother's motions to dismiss the *ex parte* order and restraining order and her motion to set aside the same. The trial court concomitantly entered a new temporary parenting plan, temporarily designating Father as the primary residential parent.

On March 29, 2018, the trial court entered an "Opinion" containing its findings of fact and conclusions of law. The court determined, *inter alia*, that a material change in circumstance had occurred and that it was in the Child's best interest to designate Father as the primary residential parent. However, the court found that Father's proposed residential co-parenting time was not in the Child's best interest. In addition, the court granted Father sole decision-making authority with respect to the Child's educational, non-emergency health care, religious upbringing, and extra-curricular activities. Although the trial court declined to award Father any additional attorney's fees, it taxed court costs to Mother. Counsel for both parties were directed to prepare a judgment, permanent parenting plan, and Tennessee child support worksheet, and to submit the aforementioned documents within ten days of entry of the "Opinion."

On April 5, 2018, Mother filed an initial notice of appeal, appealing the trial court's March 16, 2018 "Order" finding Mother in contempt. On April 9, 2018, Mother filed a second "Notice of Appeal," seeking to appeal the trial court's March 29, 2018 "Opinion." On April 23, 2018, the trial court entered a "Final Order," incorporating its March 29, 2018 "Opinion," along with a Permanent Parenting Plan Order and child support worksheet, pursuant to its March 29, 2018 adjudication. The Permanent Parenting Plan Order provided that Father would receive 271 days of residential co-parenting time and Mother would receive 94 annual days of supervised, residential co-parenting time, with Mother to pay child support to Father in the amount of $85.00 per month.

In preparation of the appeal, the parties filed the following motions and corresponding objections: on July 12, 2018, Mother filed a partial transcript of evidence; on July 16, 2018, Father filed an "Objection to Transcript as Filed," pursuant to Tennessee Rule of Appellate Procedure 24(b), concerning each of the appeals filed by Mother; on July 26, 2018, Mother filed a "Supplemental Statement of Evidence and Modification of Prior Transcript," which included several exhibits; on the same day, Father filed an answer to Mother's supplemental statement and a motion to strike "Exhibit 4" from her statement.

On September 14, 2018, Mother filed a response to Father's motion to strike the transcript filed by her. The trial court subsequently entered an order on December 18, 2018, striking Mother's transcript of evidence upon concluding that the transcript was partial and not proper for inclusion in the record. The court concomitantly entered an order striking "Exhibit Four" from Mother's "Supplemental Statement of Evidence and Modification of Prior Transcript," finding the exhibit to be "not applicable, relevant or appropriate for inclusion in this case or Appeal." On January 11, 2019, Father filed a response, arguing that Mother's failure to fully comply with Tennessee Rule of Appellate Procedure 24 should be "fatal to this appeal." Father concomitantly filed a "Statement of Evidence," asserting, *inter alia*, that "the best evidence or substitute for the verbatim testimony is included in the Opinion of the Court filed March 29, 2018. . . ." The trial court, however, did not enter any further order settling the differences between the statements of the evidence submitted by the parties. This appeal followed.

## II. Issues Presented

Mother presents two issues for our review, which we have restated slightly as follows:

1.      Whether the trial court erred by determining that it was in the Child's best interest to modify the parties' PPP by (1) designating Father as primary residential parent, (2) reducing Mother's co-parenting time, and (3)

ordering Mother's co-parenting time with the Child to be supervised.

2. Whether the trial court erred by finding Mother in willful contempt of court.

## III. Standard of Review

Regarding the proper standard of appellate review concerning a non-jury proceeding to modify an existing permanent parenting plan, our Supreme Court has elucidated:

> In [a] non-jury case, our review of the trial court's factual findings is de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984). We review the trial court's resolution of questions of law de novo, with no presumption of correctness. *Kendrick*, 90 S.W.3d at 569. Statutory interpretation is a question of law, which we review de novo. *Mills v. Fulmarque*, 360 S.W.3d 362, 366 (Tenn. 2012).
>
> A trial court's determinations of whether a material change in circumstances has occurred and whether modification of a parenting plan serves a child's best interests are factual questions. *See In re T.C.D.*, 261 S.W.3d 734, 742 (Tenn. Ct. App. 2007). Thus, appellate courts must presume that a trial court's factual findings on these matters are correct and not overturn them, unless the evidence preponderates against the trial court's findings. *See* Tenn. R. App. P. 13(d); *In re C.K.G.*, 173 S.W.3d [714,] 732 [(Tenn. 2005)]; *Kendrick*, 90 S.W.3d at 570; *Hass*, 676 S.W.2d at 555.

*Armbrister v. Armbrister*, 414 S.W.3d 685, 692-93 (Tenn. 2013).

As to contempt, "[a] determination of contempt is within the sound discretion of the trial court, subject to the provisions of the law." *Watkins ex rel. Duncan v. Methodist Healthcare Sys.*, No. W2008-01349-COA-R3-CV, 2009 WL 1328898, at *3 (Tenn. Ct. App. May 13, 2009) (citing *Robinson v. Air Draulics Eng'g Co.*, 377 S.W.2d 908, 912 (Tenn. 1964)). This Court has further explained that "[a]n abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *In re Brown*, 470 S.W.3d 433, 442 (Tenn. Ct. App. 2015) (quoting *Gonsewski v. Gonsewski,* 350 S.W.3d 99, 105 (Tenn. 2011)).

- 5 -

IV. Timeliness of Appeal

As a threshold matter and because the question is jurisdictional in nature, we address the timeliness of Mother's appeal to this Court. Father contends that both of Mother's notices of appeal were prematurely filed and therefore must be dismissed. Mother filed her initial notice of appeal on April 5, 2018, contesting the trial court's March 16, 2018 "Order" finding Mother in contempt.

As this Court has previously explained concerning contempt proceedings in general:

> "[A] contempt proceeding is sui generis and is considered incidental to the case out of which it arises, and often stems from an underlying proceeding that is not complete. *Doe v. Bd. Of Prof'l Responsibility of Supreme Court of Tenn.*, 104 S.W.3d 465, 474 (Tenn. 2003). The contempt proceeding may be "related to the underlying case but independent from it." *Green v. Champs-Elysees*, *Inc.*, No. M2013-00232-COA-R3-CV, 2014 WL 644726, at *7 (Tenn. Ct. App. Feb. 18, 2014). Thus, "[a] judgment of contempt fixing punishment is a final judgment from which an appeal will lie." *Hall v. Hall*, 772 S.W.2d 4[32], 436 (Tenn. Ct. App. 1989) (citing *State v. Green*, 689 S.W.2d 189 (Tenn. Cr. App. 1984)). The judgment of contempt becomes final "upon entry of the judgment imposing a punishment therefore." *State ex rel. Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *4 (Tenn. Ct. App. Oct. 22, 2008) (citing *Green*, 689 S.W.2d at 190); *see also Rose v. Rose*, No. E2005-01833-COA-R3-CV, 2006 WL 1132086, at *4 (Tenn. Ct. App. Apr. 27, 2006) ("a judgment of contempt, summary or otherwise becomes final upon the entering of punishment therefor"); *Bailey v. Crum*, 183 S.W.3d 383, 387 (Tenn. Ct. App. 2005). "It matters not that the proceedings out of which the contempt arose are not complete." *Moody v. Hutchinson*, 159 S.W.3d 15, 31 (Tenn. Ct. App. 2004) (citing *Green*, 689 S.W.2d at 190). An order that imposes punishment for contempt "is a final appealable order in its own right, even though the proceedings in which the contempt arose are ongoing." *Coffey v. Coffey*, No. E2012-00143-COA-R3-CV, 2013 WL 1279410, at *5 (Tenn. Ct. App. Mar. 28, 2013) (citing *Bailey*, 183 S.W.3d at 387).

*Ballard v. Cayabas*, No. W2016-01913-COA-R3-CV, 2017 WL 2471090, at *2 (Tenn. Ct. App. June 8, 2017). Contempt rulings must be appealed within thirty days of the court's finding of contempt. *See id.* at *3 (determining that a party must file a notice of appeal from the trial court's order finding criminal contempt within thirty days); *see also Fletcher v. Fletcher*, No. W2003-00715-COA-R3-CV, 2004 WL 298370, at *7 (Tenn. Ct.

App. Feb. 11, 2004) (determining that a party must file a notice of appeal from the trial court's order finding civil contempt within thirty days).

In support of his contention, Father relies on Tennessee Rule of Appellate Procedure 3(a) and argues that the trial court's March 16, 2018 "Order" finding Mother in contempt and the trial court's March 29, 2018 "Opinion" were not final judgments that resolved all issues. The trial court subsequently entered a modified permanent parenting plan order and "Final Order" on April 23, 2018, incorporating its earlier "Opinion" and referencing the court's March 16, 2018 "Order" finding Mother in contempt of court.

Inasmuch as Mother filed her first notice of appeal within thirty days of the trial court's March 16, 2018 "Order" finding Mother in contempt, her notice of appeal is timely. *See Fletcher*, 2004 WL 298370, at \*7; *Ballard*, 2017 WL 2471090, at \*2. Mother filed her second notice of appeal on April 9, 2018, appealing the trial court's March 29, 2018 "Opinion." Despite the fact that Mother's second notice of appeal predated entry of the trial court's "Final Order," Tennessee Rule of Appellate Procedure 4(d) provides that a "prematurely filed notice of appeal shall be treated as filed after the entry of judgment from which the appeal is taken and on the day thereof." Ergo, Mother's second notice of appeal was also timely pursuant to Tennessee Rule of Appellate Procedure 4(d). *See Meeks v. Successor Trs. of Marital Trust*, No. W2009-02016-COA-R3-CV, 2010 WL 3420546, at \*7 (Tenn. Ct. App. Sept. 1, 2010) (stating, *inter alia*, that all three sections of this Court have interpreted Rule 4(d) as preserving the validity of a notice of appeal that was prematurely filed due to the entry of a non-final order that failed to resolve all the claims or issues in a case); *see also* Tenn. R. App. P. 4(d) Advisory Comm'n Comment (stating that "subdivision (d) establishes the general rule that the right to appeal is not lost by filing a notice of appeal before entry of the judgment appealed from."). Accordingly, we conclude that Mother's notices of appeal, now consolidated, were timely filed.

## V. Sufficiency of the Record on Appeal

As an additional threshold matter and upon careful review, we conclude that because the trial court did not settle the differences between the countervailing statements of the evidence submitted by the parties, Mother's right to have her case reviewed in this Court has been frustrated. *See Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 282 (Tenn. 2009); *see also Lacy v. HCA Tristar Hendersonville Hosp.*, No. M2015-02217-COA-R3-CV, 2016 WL 4497953, at \*2 (Tenn. Ct. App. Aug. 25, 2016). Mother filed a transcript of the evidence on July 12, 2018, to which Father objected. Mother subsequently filed a "Supplemental Statement of Evidence and Modification of Prior Transcript" on July 26, 2018, comprised of four exhibits, three of which were copies of previous trial court orders. The fourth exhibit was a copy of electronic communications from Mother's attorney to the court. Father subsequently filed a "Motion to Strike" the supplemental statement of the evidence.

The trial court in its December 18, 2018 "Order on Objection to Transcript as Filed Pursuant to Rule 24b of the Tennessee Rules of Appellate Procedure" struck Mother's transcript upon determining that the transcript, as only a partial transcript, was "not proper for inclusion in the record." In a separate order regarding Father's motion to strike, the trial court struck the fourth exhibit from Mother's supplemental statement of evidence because it was "not applicable, relevant or appropriate for inclusion in this case or Appeal." In a concomitant order, the trial court afforded Mother fifteen days to provide a recording of the January 2018 hearing upon which she had relied to Father's counsel.

On January 11, 2019, Father filed a response to Mother's transcript and his own "Statement of Evidence." Father stated that upon reviewing "the flash drive and written notes [Mother] relied upon in preparation of her partial or incomplete transcript," he found that it omitted "most of the cross examination of [Mother] by [Father's] counsel" in addition to all of the testimony of one of Father's witnesses. The trial court never entered its "Opinion" as a statement of the evidence, nor did it enter a ruling settling the differences between the parties' statements of the evidence. *Lacy*, 2016 WL 4497953, at *2.

Tennessee Rule of Appellate Procedure 24(c) provides:

Statement of the Evidence When No Report, Recital, or Transcript is Available. If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, or if the trial court determines, in its discretion, that the cost to obtain the stenographic report in a civil case is beyond the financial means of the appellant or that the cost is more expensive than the matters at issue on appeal justify, and a statement of the evidence or proceedings is a reasonable alternative to a stenographic report, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any

differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

(Emphasis added.) Tennessee Rule of Appellate Procedure 24(e) states:

> Correction or Modification of the Record. If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

(Emphasis added). *See Lacy*, 2016 WL 4497953, at *2 ("If a statement of the evidence is filed and the appellee files objections, '[a]ny differences regarding the statement shall be settled as set forth in subdivision (e)'") (quoting Tenn. R. App. P. 24(c)).

Our Supreme Court, in *Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009), has held that Rule 24(e)'s requirement that the trial court settle differences regarding the record is "mandatory." Thus, Rule 24(c) and (e) "require the Trial Judge to rule upon objections and to approve a single statement of the evidence. In so doing, he should require counsel to consolidate into one instrument all of the uncontested portions of their respective statements, together with the Court's version of any contested matter." *Id.* (quoting *Vowell v. Vowell*, Lauderdale Eq. No. 2, 1988 WL 104692, at *1 (Tenn. Ct. App. Oct. 10, 1988)). Furthermore, the *Bellamy* Court noted:

> [I]f a trial court's failure to perform its obligation to settle differences in conflicting statements of the evidence frustrates a party's right to have its case reviewed by the appellate courts, the party may be entitled to a new trial as long as the trial court's failure to act was not the fault of the party.

*Bellamy*, 302 S.W.3d at 282.

Citing the *Bellamy* holding, this Court determined in *Lacy* that the trial court's failure "to resolve the parties' conflicts concerning [the appellant's] statement of evidence" "frustrate[d] the right of appellate review because, in determining whether the trial court properly dismissed her case, we must review [the appellant's] proof." *Lacy*, 2016 WL 4497953, at *2-3. We recognize that in *Lacy*, the trial court had also failed to enter factual findings, which is not the situation in this case. *See id* at *2. However, the trial court in the case at bar had entered its "Opinion" before either statement of the

- 9 -

evidence had been filed and subsequently did not make the mandatory rulings required by Tennessee Rule of Appellate Procedure 24(e).  *See Bellamy*, 302 S.W.3d at 282.

Mother has raised issues on appeal concerning the trial court's modifications to the designation of primary residential parent and the residential co-parenting schedule, including supervised visitation and the trial court's finding that she was in "willful contempt."  Tennessee courts generally apply a two-step analysis to requests for a modification of the primary residential parent designation or modification of the residential co-parenting schedule.  *See Armbrister*, 414 S.W.3d at 697-98; *see also Gentile v. Gentile*, No. M2014-01356-COA-R3-CV, 2015 WL 8482047, at *4 (Tenn. Ct. App. Dec. 9, 2015).  The threshold inquiry for both types of modification is whether a material change in circumstance has occurred.  *Armbrister*, 414 S.W.3d at 697-98.  The trial court in its "Final Order" credited Father's testimony that since entry of the PPP, Mother had exhibited a substance abuse problem that constituted a material change in circumstance affecting the Child.  Mother has not specifically appealed the trial court's determination of the existence of a material change in circumstance.

Although not entirely clear from Mother's argument section in her brief, Mother appears to have raised a best interest challenge as to the trial court's modification of the residential co-parenting schedule as well as the change to the primary residential parent status.  Mother grounds her argument on the purported lack of testimony and evidence presented at trial regarding the best interest factors provided in Tennessee Code Annotated § 36-6-106(a) (2017).  In order to review Mother's argument in light of the record, we must have "a fair, accurate and complete account of what transpired with respect to" her issues on appeal.  *See* Tenn. R. App. P. 24(b)-(c); *see also Bellamy*, 302 S.W.3d at 282; *Lacy*, 2016 WL 4497953, at *2.  In the same vein, Mother's appeal of the trial court's contempt finding has also been frustrated by the lack of a statement of the evidence approved by the trial court.  *See id.*

Based on the aforementioned analysis, we remand this matter and direct the trial court to settle the differences between the parties' competing statements of the evidence and certify and transmit a proper supplemental record to this Court for resolution of the issues raised by Mother on appeal in accordance with Tennessee Rule of Appellate Procedure 24(e).  *See Bellamy*, 302 S.W.3d at 282 (directing the trial court to resolve conflicts in competing statements of the evidence and to transmit a supplemental record to the Court of Appeals); *see also Lacy*, 2016 WL 4497953, at *3 (directing the trial court to resolve the parties' conflicts concerning the appellant's statement of the evidence and transmit a supplemental record to the Court of Appeals); *Lacy v. HCA Tristar Hendersonville Hospital et al.*, No. M2017-01055-COA-R3-CV, 2018 WL 575346, at *7 (Tenn. Ct. App. Jan. 26, 2018) (on remand, determining that trial court properly followed the mandate of the Court of Appeals and did not abuse its discretion in approving the defendant's statement of the evidence.).

## VI. Attorney's Fees and Damages on Appeal

In the argument section of his brief, Father requests an award of attorney's fees and damages incurred as a result of this appeal, asserting that it is a frivolous appeal under Tennessee Code Annotated § 27-1-122 (2017). However, this issue has not been properly raised in Father's statement of the issues in his appellate brief. As our Supreme Court has elucidated:

> Appellate review is generally limited to the issues that have been presented for review. Tenn. R. App. P. 13(b); *State v. Bledsoe*, 226 S.W.3d 349, 353 (Tenn. 2007). Accordingly, the Advisory Commission on the Rules of Practice and Procedure has emphasized that briefs should "be oriented toward a statement of the issues presented in a case and the arguments in support thereof." Tenn. R. App. P. 27, advisory comm'n cmt.

*Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012); *see also Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) ("We may consider an issue waived where it is argued in the brief but not designated as an issue."). Therefore, we deem Father's request for attorney's fees and damages to be waived.

## VII. Conclusion

For the foregoing reasons, we vacate the trial court's judgment. We remand this matter and direct the trial court to (1) settle the differences between the parties' competing statements of the evidence, (2) certify and transmit a proper supplemental record to this Court for resolution of Mother's issues raised on appeal, and (3) collect costs assessed below. We deem Father's request for attorney's fees and damages on appeal to be waived. Costs on appeal are assessed one-half to the appellant, Kayla Nicole (White) Blakney, and one-half to the appellee, Justin Taylor White.

_____
THOMAS R. FRIERSON, II, JUDGE

- 11 -